WELLES, use of, &c. vs. GATY, McCUNE & GLASBY.

Where A and B jointly contract with C, and in compliance with the contract, advance money to C; in an action of assumpsit brought on the recission of the contract, against C for the money received by him, both A and B must join, although, the money may have been advanced by A alone. A & B are to be considered as partners, and the implied promise to pay is raised in behalf of them jointly.

ERROR to St. Louis Court of Common Pleas.

Primm & Taylor, for Plaintiff in error.

It is contended for the plaintiff that the contract having been rescinded, there was, at the time of bringing suit, no valid contract existing, affecting the right of the plaintiff to recover *alone*, and in his own name, for he alone had paid the money for which he had received no consideration.

There was no obligation on the plaintiff, after the recission of the contract, to bring his special action on the contract. 2 Carr and Payne,

36

286; 4 Bing. 5; 12 J. R. 363, 274; 5 J. R. 85; 5 Mass. R. 199; 13 Mass. R. 139.

The nature of the action, and the legal condition of the parties are changed after the recission of the contract from what they were when the contract was in force; and the law and the reason of the law say with clearness and simplicity to the defendants, you now hold the money independent of, and contrary to the contract and to the plaintiff's use, and he has his plain action to recover it.

If Wetmore had actually paid a moiety of the money, he could by separate action recover it back. 6 Wend. 263.

If the above views be correct, then there was error in the refusal of the court to set aside the non-suit.

SPALDING & TIFFANY, for Defendants in error.

### POINTS AND AUTHORITIES.

I. On the case as made it was right to instruct the jury that the suit should have been brought in the name of both Wetmore & Welles.

1. If there are *too many*, or *too few* plaintiffs, it is a ground of non-suit, on the general issue. 1 Chitty's Plead. 5, 6, 7, 8 & 9; 1 Bos. & Pul. 73, in notes; 2 John. cases, 382; 6 Mass. Rep. 460. "The want of proper parties in actions on contract, is an exception to the merits to be taken advantage of on demurrer, in bar, and on the general issue, but not by plea in abatement."

2. The written contract was with *Welles* and *Wetmore* as *party of the second part*, and the agreement to pay was by *them* as *one party*, and the promise to build the boat was *to them* jointly as *one party;* any suit, therefore, for the violation of that contract, must have been brought by both jointly.

3. The payments made, to wit, the cash payment of $1000, made to the parties of the first and second part, and the second payment afterwards made, was in law a payment by the party of the *third part*, that is by Welles at Wetmore, although, as between them Welles may have raised the whole of the money out of his private resources. Suppose each had contributed a portion of that and the *subsequent payment*, would it have been the individual payment of each for his portion? It matters not how the receipt is written, whether in the name of one or both.

4. In bringing the suit now to recover back the money paid, it is on the ground that the contract is recinded, for if the contract were considered in force, the suit would have been upon it, and in suing on this

contract, the action must have been in the names of Welles and Wetmore, joint covenantees.

5. If the contract be rescinded, an implied assumpsit is held by plaintiff to arise to refund the money. But in whose favor does it arise? Does it arise in favor of the *party of the third part*, Welles and Wetmore, or does it arise in favor of Welles individually for what he may have paid, and in favor of Wetmore for what he may have paid? And will the court enter into the state of accounts between Welles and Wetmore in this manner?

6. The money when recovered may not belong entirely to Welles. The proof is that he was to advance money, and Wetmore contribute services. Suppose the contract rescinded by the fault of the defendants, is Welles to have back all the money advanced by him, and yet Wetmore to lose his services? And can Wetmore bring a suit individually to recover for his services lost by rescinding the contract? On the contrary, are they not one party, (according as designated in the contract) and bound to sue and recover in their joint names, adjusting the amount of the recovery between themselves? They are *quasi* partners in this matter.

7. But the contract was not rescinded, and therefore Welles could not sue in this form of action; for even admitting facts to have existed to authorize the contract to be rescinded, yet it has not *in fact been rescinded*. The defendants have not claimed to have it rescinded. Wetmore has not assented to its being rescinded: and it is not in the power of Welles alone to rescind it. For admitting (what is the law) that in certain cases *one party* can rescind a contract for the malconduct of the other, yet a portion of one party cannot rescind it. If the party of the third part might have rescinded it in the present case, yet that party has not acted. Chitty on Contracts, 275-6-7.

8. The party of the third part (Welles & Wetmore,) were guilty of the first default in failing to pay the instalment at the time, and this caused the delay in the work. It was not in their power to rescind the contract even if they attempted to do so. Chitty on Contracts, 275. "The right to rescind a contract rests only in the party who has been guilty of no default." Ibid. 275. The *right to rescind must be exercised* in a reasonable time; and it can be exercised only where the parties can be put in *statu quo*. Long on Sales, 238-9-40-1-2, &c. Here Welles and Wetmore never rescinded the contract, never gave any notice that they intended to do so, but lay by and permitted the defendants to complete the work, and were themselves *the first to break the contract*. 3 Stark. on Ev. 1770. That if a party does not rescind a con-

tract as soon as he is made acquainted with the reason, and his right to do so, he is deprived of the privilege. In the case of defect in goods sold, he must do it after sufficient time allowed for examination and trial. Long on sales, 240.

9. 7 Greenleaf, 70, Brinley vs. Tibbetts. If party, having right to rescind contract because not performed in time, does any act amounting to an admission of its existence, he cannot afterwards elect to treat it as void. In the present case the boat was to be furnished by the 1st June, and it was *after* that day when Welles paid the second instalment on the contract to the Dry Dock Company, which had been due ever since 1st March; thus acting on the contract after he knew the time was out for its fulfilment, and that the delay had been occasioned by his breach of it.

10. To permit one of the two, (either Welles or Wetmore) to sue alone, is subjecting persons in the situation of the defendants, to be harrassed by a multiplicity of suits. Suppose the company that engaged the building of the boat had consisted of ten, instead of two persons; each, on rescinding the contract, would have a right to bring a suit in his own name for any amount he might have advanced for the common object.

11. To permit such suits must lead to investigations not proper or competent for a court of law. How, in such a case, can a court of law ascertain how much each ought to recover? An account must be taken, and it must be ascertained how much each is entitled as between himself and his co-contractors to receive; and in ascertaining this, an investigation must be had as to what each has contributed in money or services, &c.; and, in fact, all must be done that is necessary in closing up a co-partnership.

II. Whether the instruction given was right or not, can make no difference, as the plaintiff below was not injured thereby; inasmuch as the covenants in the instrument between the parties were dependant covenants, and the plaintiff, on his own showing made out no case, and was not entitled to recover. 8 Mo. Rep. 487, Freeland vs. Administrator of Thomas.

The covenants being dependant, and the plaintiff having proved that he failed to keep *his*, it follows, of course, that he had no cause of action on account of the failure of the defendants to keep *theirs*, which failure was caused by the plaintiff's own previous failure to perform a pre-requisite.

III. The instruction asked on behalf of the plaintiff was properly refused, inasmuch as it cuts off from the jury certain matters of fact

and requires them to assume such matters of fact to be true; as, for instance, the making of the contract: it is also wrong in making the recovery depend on the fact of payment by Welles alone, whereas it should have been payment by him of his own money, &c.

NAPTON, J., delivered the opinion of the court.

Welles and Wetmore contracted with the Dry Dock Company of St. Louis, and Gaty, McCune and Glasby, for the building of a steam ferry boat. The contract was a written one, and purported to be between Gaty, McCune & Glasby, of the first part, the Dry Dock Company of the second part, and Welles and Wetmore of the third part. The boat was to be built in specified manner, and delivered in a specified time. From some cause, not material to be enquired into, the boat was not ready in time, and Welles and Wetmore refused to receive it when it was finished, and treating the contract as rescinded, Welles brought this action of assumpsit to recover back the money which had been advanced by Welles and Wetmore under the contract. It appeared in proof that all the money advanced was in fact Welles' money, and that Wetmore merely contributed his services. Upon the trial the defendants insisted that upon the facts as heretofore stated, the suit should have been in the joint name of Welles and Wetmore, and the court of common pleas so ruled. Thereupon the plaintiff took a non-suit, and afterwards moved to have it set aside. This motion being overruled, he brings the question before this court by writ of error.

We think the court of common pleas decided correctly. Had the suit been brought on the contract, there could have been no question but that Wetmore and Welles, constituting, as they did, but one party to that contract, must have sued jointly. The contract being rescinded, the question is, to whom does the implied promise to refund arise, to Welles alone whose money was advanced, or to Welles and Wetmore jointly, on whose joint account it was advanced? Was not the payment, in point of law, the payment of Welles and Wetmore, on a contract in which said Welles and Wetmore constituted but one party? The implied promise must correspond with the actual payment of the money, and the court cannot undertake in an action of assumpsit, to settle the accounts between Wetmore and Welles. Where the promise is made jointly to two, they must both join, if living, in the action, or they will be non-suited. Wright and others v. Post, 3 Conn. R. 142. So if a party covenant with A & B to pay an annuity to A, this vests a joint legal interest in A & B. although the former is to derive the sole

benefit; for only one duty was to be performed, and there could not be a separate legal interest therein.    1 Chitt. Pl. 11·

It may be said that this was a partnership limited to a particular undertaking, which failing, the partnership ceased. This may be true, but the right of action upon an assumpsit originating during the partnership, must still vest in the partners, notwithstanding the dissolusion. The case of Shearman vs. Adkins, (4 Pick. R. 290,) determines this. In that case two persons had been appointed guardians of a spendthrift, and sold his real estate by virtue of a license granted by the court of common pleas, and applied the proceeds to the payment of his debts, some of the debts being paid by one guardian, and some by another. The letters were afterwards revoked; the sales avoided, the license having been granted contrary to law, and the guardians were compelled to refund the money. It was held that the guardians had a right of action against the spendthrift's administratrix for the amount refunded, as so much money paid by them upon a consideration which had failed, and that they had properly joined in the suit. They were considered as constituting but one party, when the payments were made, which was the foundation of the action. This established such an union of interest as authorized them to join in any suit for indemnity in consequence of a loss happening during their joint administration of the affairs of their ward. "It is true," observed Parker, Judge, in delivering the opinion of the court, "that their connexion is dissolved, but their interest remains joint as to any remedies they may be entitled to, on acacount of any joint transaction founded upon their relation to their ward."

So in the present case, the true question must be, was there a union of interest between Welles and Wetmore, when the payment was made, to recover which back this suit is brought? If such were the case, though the joint interest has ceased, the action to recover an amount accruing during its existence, and growing out of the contract which created the partnership, must be brought in the names of Wetmore and Welles.    Gould v. Gould, 6 Wend. 263.

Judgment affirmed.