Dewey v. Carey.

———o———

Eugene L. Dewey, Plaintiff in Error, *vs.* Benjamin F. Carey, Defendant in Error.

1. *Bond—Action upon—All obligees must join.*—Where an obligation is executed to two or more jointly, all the obligees must sue upon it. They cannot separate the liability and bring an action in favor of each.

*Error to Linn Circuit Court.*

*A. W. Mullins*, for Plaintiff in Error.

I. The plaintiff had a right to sue alone. There was no defect of parties plaintiff. The petition shows that the damages claimed by the plaintiff were sustained by him, and not as to any part thereof by Price or Leroy D. Dewey. In such case it is unnecessary to join all the obligees as plaintiffs. (High Inj., p. 558, § 963; Sturges vs. Knapp, 33 Vt., 486; Hill Inj., p. 76, § 26; citing Prader vs. Purkett, 13 Cal., 588.)

*S. D. Pratt & S. P. Huston,* for Defendant in Error.

I. There was a defect of parties plaintiff apparent on the face of the petition. The bond given by Carey to Thomas D. Price, L. D. Dewey and plaintiff, vested in them a joint right of action upon its breach—they could not sever and sue separately—bring separate actions. This is well settled as the unvarying rule of common law. (Baker vs. Jewell, 6 Mass., 462; Montague vs. Smith, 13 Mass., 405; Robbins vs. Ayres, 10 Mo., 538; Wells vs. Gaty, 9 Mo., 565.)

II. This rule of the common law has not been changed by our code or statute. (Clark vs. Cable, 21 Mo., 223; Fowler vs. Kennedy, 2 Abb. Pr., 347; Dennis vs. Kennedy, 19 Barb., 517.)

WAGNER, Judge, delivered the opinion of the court.

The petition alleges that defendant instituted a suit by injunction against Thos. D. Price, Leroy D. Dewey and the plaintiff, and that upon his executing a bond to them a temporary injunction was granted; that upon a hearing of the cause the injunction was dissolved and the petition dismissed; but no assessment of damages was had at the time of the dissolution. This action is now instituted by the plaintiff alone on the bond to recover damages for alleged breaches.

A demurrer was sustained to the petition because the other obligees in the bond were not made plaintiffs.

Where an obligation is executed to two or more jointly, all the obligees must sue upon it. They cannot separate the liability and bring an action in favor of each. If the plaintiff can maintain this suit, then Leroy D. Dewey can maintain one, and Thos. D. Price still another, and thus the defendant will be harassed with three suits on the same obligation which was jointly made to the three persons. By our law all contracts are joint and several and a party may sue any one or more debtors against whom he has a demand. But the principle has no application to the obligees in a contract, who must sue jointly as plaintiffs. Where the contract made by the obligor is a joint

15—VOL. LX.

one, one obligee cannot make it a several obligation by suing alone. (Clark vs. Cable, 21 Mo. 223 ; Robbins vs. Ayres, 10 Mo., 538 ; Wells vs. Gaty, 9 Mo., 561.)

To permit one party to sue might result in great injury in a case of this kind. One plaintiff might recover the entire penalty of the bond, yet this would be no bar to another action by a plaintiff who was not a party to the suit; and as there could be no apportionment the party would be made liable for obligations that he never entered into. It is true that it may happen in some instances that one obligee has sustained more damage than some of his co-obligees, but this would present no insuperable objection, as under our practice act I think the judgment might be adjusted so as to secure the respective rights of the parties.

The judgment must be affirmed ; the other judges concurring.