The State ex rel. v. Beasley.

THE STATE OF MISSOURI *ex rel.* JAMES GLASS *et al.*, Respondents, v. ROBERT E. BEASLEY *et al.*, Appellants.

Kansas City Court of Appeals, April 9, 1894.

Parties: MISJOINDER OF: TRESPASS. Tenants in common of a chattel should join in an action for an injury or trespass done to their joint property; but when the interest effected and the damage sustained are respectively several, there must be separate actions at the suit of the parties injured; and where A. has a chattel mortgage on the fixtures of a drug store, and B. on the fixtures and stock of goods, and they take possession under their mortgages, they can not be joined as relators in an action against the constable for seizing the goods under an attachment against the mortgagor.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED *(with directions).*

*R. M. Reynolds, L. W. Scott* and *James Cooney* for appellants.

The court erred in giving instruction number 1 asked for by relators. In it the court instructs the jury that if they believe from the evidence that R. H. Watts & Co. made and executed the chattel mortgages read in evidence (two separate and independent mortgages, to separate and independent parties, on different pieces of property, and to secure separate and independent debts), "and that after said mortgages had been executed and delivered, and after condition broken in them, or either of them" (as though a condition broken in one mortgage would give the mortgagee, or mortgagees, in the other the right to take possession), "possession was taken by the relators, or their agents,

of the personal property described in said mortgages, and that while said personal property was so in the possession of the relators, or their agent" (whether such possession be joint, or one holding a part of the property under one mortgage and the other another part under the other. Certainly relator Glass couldn't hold property under his mortgage that it did not cover, either jointly or severally), "the defendant Beasley as constable * * * or his deputy, seized upon said personal property, or any of it, so in relator's possession, or that of their agent under and by virtue of the writs of attachment * * * against R. H. Watts & Co., * * * and that by reason of such seizure * * * the same was lost to relators, then such seizure and levy by said Beasley, as constable, or his deputy, was a trespass against relator's lawful possession" * * * (whether they held it jointly or severally), "and so believing the jury shall find for relators," etc. *Clark v. Fairley*, 24 Mo. App. 429; *Billups v. Daggs*, 38 Mo. App. 367; *Fink & Nasse v. Algermissen*, 25 Mo. App. 186.

*Leslie Orear* and *Boyd & Murrell* for respondent.

(1) There is no misjoinder of parties plaintiff or of causes of action. Relators were in joint possession of the property under a valid agreement between themselves. Moreover, there was a trial on the merits and although the matter in abatement was pleaded in the same answer, still a trial on the merits waives any supposed misjoinder either of parties or causes of action. *Donahue v. Bragg*, 49 Mo. App. 273; *Anderson v. McPike*, 41 Mo. App. 328. (2) All parties having a common interest in the personal property are necessary parties to a suit for a trespass against said property and it would have been error not. to have joined all the

parties in interest as relators.   *State ex rel. v. Hessel-meyer*, 34 Mo. 76; *State ex rel. v. True*, 25 Mo. App. 451; *Little v. Harrington*, 71 Mo. 391; Bliss on Code Pleading, sec. 62.

GILL, J.—This is a joint action brought by James Glass, of Sedalia, and Gildenhaus, Wulfing & Co., of St. Louis, against Beasley and others, on a constable's bond, the object being to recover damages for the alleged wrongful seizure and conversion by the defendant, Beasley, as such constable, of certain personal property belonging to the plaintiffs.

In the year 1890 Watts was engaged in the conduct of a small store at Nelson, Saline county, selling drugs, groceries, etc, and became indebted to these plaintiffs and others.   On September 24, 1890, Watts made a chattel mortgage to Glass, covering by its terms merely the fixtures and drug bottles in the store; and thereafter, on October 6, executed a second chattel mortgage, in favor of the plaintiffs, Wulfing & Co. The latter mortgage not only included the fixtures (which Glass' mortgage covered), but also conveyed the entire stock in trade.   Under the Wulfing mortgage, Watts was permitted to continue his business in the usual manner, nor was said mortgage ever recorded. Among the conditions of the Wulfing mortgage, was one that, in case the creditors of Watts should sue him, then such conveyance should become alsolute, etc.

Shortly thereafter other creditors of Watts brought their several actions, and Parmerlee, an attorney at Sedalia, having charge of the Glass and Wulfing claims, went to Nelson and took possession of Watts' store, fixtures, stock and all.   Whether Parmerlee took such possession for and in behalf of Glass alone, or for Glass and Wulfing, is in dispute. At any rate, Watts' creditors, other than the above

named mortgagees, immediately attached on their respective claims and took the goods from Parmerlee, the alleged agent and attorney of Glass and Wulfing. Thereupon this suit was brought, which, on a trial by a jury, resulted in a verdict and judgment for plaintiffs, and defendants appealed.

The judgment herein can not be allowed to stand. There is a clear misjoinder of parties plaintiff, and the question was properly raised in defendants' answer. The case, under the evidence (stated most strongly, too, for plaintiffs), is this: A and B, as several and independent creditors of C, each secure their several chattel mortgages on C's property. A, the prior mortagee, has a lien on, and right of possession to, a part thereof, to wit, the store fixtures, while B, the other creditor, secures a first lien on the stock of goods (which is not covered by B's mortgage), with a further pledge of the equity which the mortgagor C might have in the fixtures after satisfaction of A's mortgage. These creditors now seek to avail themselves of these securities and take possession of the property. That possession must be such, and only such, as was provided by the respective mortgages. Under A's mortgage, he could only take the *store fixtures*, since that is the full extent of the property covered by it. And so with B (the holder of the last incumbrance); he was only authorized to take and hold for the payment of his claim the property included in his mortgage—nothing more. This was the stock of goods, and which was not included in A's mortgage. B was not entitled with A even to joint possession of the goods mentioned in A's mortgage, for A had a prior incumbrance, and B, in that regard, stood just where the mortgagor C would.

Here, then, were two separate and distinct mortgagee creditors, holding each a lien right in separate and distinct personal property. All this property, we

will assume, was wrongfully taken and converted by a third party. The question is, can these two mortgagees, claiming under separate instruments which cover different property, prosecute a joint suit against the trespasser. We must hold that they can not. While, unquestionably, the rule is, that tenants in common of a chattel should join in an action for any injury or trespass done to their joint property (*State ex rel. Johnson v. True*, 25 Mo. App. 451; 1 McQuillin's Pl. & Pr. sec. 111), it is equally true that, "where the interest affected and the damage sustained are respectively several, there must be separate actions at the suit of the parties injured." Barb. on Parties [2 Ed.], 267.

The wisdom of this rule is quite manifest in the case at bar. It may be that Glass, under his mortgage, should be entitled to the property so conveyed to secure his claim; while, on the other hand, it might be that Wulfing & Company's mortgage was invalid, because not recorded nor possession thereunder taken before other creditors attached. The cases, therefore, are not only technically separate and distinct controversies, but the merits or demerits of each are wholly different.

The judgment is reversed and the cause remanded with directions to dismiss. All concur.