A. M. FRUMBERG, Appellant, v. JOSEPH HADER-
LEIN, Respondent.

St. Louis Court of Appeals, November 12, 1912.

PARTIES: Joinder of Parties Plaintiff: Contract for Joint Serv-
ices: Joint or Several. A contract by which two attorneys
agree to commence and prosecute a suit for a stipulated amount
is a joint contract, and a several action for its breach cannot be
maintained by one of the attorneys.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo
Muench,* Judge.

AFFIRMED.

*J. F. Merryman* and *A. R. Russell* for appellant.

Charles H. Franck was not a proper or necessary
party, either plaintiff or defendant. R. S. 1909, secs.
1729, 1731, 1732, 1733; State ex rel. v. Bradley, 193
Mo. 33; Graham v. Ringo, 67 Mo. 324; Hazeltine v.
Messmore, 184 Mo. 314; 15 Ency. Pl. & Pr. 735.

*Karl M. Vetsburg* and *Chas. H. Franck* for respondent.

The declaration of law was properly given. Under the contract sued upon, appellant and Franck are joint obligees, and both are necessary parties plaintiff. Wells v. Gaty, 9 Mo. 565; Clark v. Cable, 21 Mo. 223; Rainey v. Smizer, 28 Mo. 310; Dewey v. Carey, 60 Mo. 224; Henry v. Mt. Pleasant, 70 Mo. 500; Ryan v. Riddle, 78 Mo. 521; Slaughter v. Davenport, 151 Mo. 26; Thieman v. Goodnight, 17 Mo. App. 429; McLaran v. Wilhelm, 50 Mo. App. 658; White v. Dyer, 81 Mo. App. 643; Culver v. Smith, 82 Mo. App. 390; Daugherty v. Berges, 118 Mo. App. 557; Butler v. Boynton, 117 Mo. App. 462; Ellis v. Railroad, 130 Mo. App. 221; Walker v. Lewis, 140 Mo. App. 31; Reifschneider v. Beck, 148 Mo. App. 737; O'Rourke v. Kelley, 156 Mo. App. 95; Annable v. Land Co., 144 Mo. App. 313.

REYNOLDS, P. J.—Plaintiff, appellant here, instituted this action before a justice of the peace, against the respondent Haderlein and one Charles H. Franck, filing a statement with the justice, to recover $250 alleged to be due him under a contract hereafter referred to. Plaintiff dismissed as to defendant Franck before the justice and judgment was rendered against Haderlein, from which the latter appealed to the circuit court where the cause was tried before the court, a jury being waived, on an agreed statement of facts.

It appears by this statement that the basis of the action was the following writing:

"Received of Joseph Haderlein, five hundred ($500) dollars, retaining fee in his injunction suit against W. Schneider Wholesale Wine & Liquor Company et al. It is understood that if a perpetual injunction is procured for Mr. Haderlein, then he is to pay

an additional attorneys' fee to Chas. H. Franck and A. M. Frumberg of five hundred ($500) dollars; and in the event the injunction is not procured, then there is to be no further attorneys' fee to said attorneys.

. In duplicate.

(Signed) CHAS. H. FRANCK.
(Signed) A. M. FRUMBERG.

Dated November 18, 1909.

Accepted:

(Signed) Jos. HADERLEIN."

It was further stipulated that appellant and Charles H. Franck prepared and filed a petition for the injunction referred to in this agreement, "and prosecuted said suit until on discharge of said Frumberg without cause by defendant Haderlein from further service in said cause," and that plaintiff and Franck received $500 from Haderlein, the retaining fee mentioned in the agreement; that after the discharge of plaintiff in the cause, Franck and George W. Lubke, Jr., have prosecuted and are still prosecuting the suit, which suit is still pending and in which no perpetual injunction has been procured, as mentioned in the agreement. It is further stipulated that plaintiff at the times mentioned was a licensed and practicing attorney of the St. Louis bar.

No other evidence appears to have been introduced outside of this stipulation, the cause being submitted to the court upon it. Thereupon the court made this declaration of law: "It appearing that the contract of employment, for the breach of which plaintiff prosecutes this suit, was made by defendant with plaintiff and Charles H. Franck jointly, the court declares the law to be that plaintiff cannot at law prosecute a several action upon the same, and the judgment herein must therefore be in favor of defendant." Plaintiff excepted to the giving of this declaration, filed his motion for a new trial, and saving exception to that being

overruled, duly perfected his appeal from the judgment rendered in favor of defendant.

The only error assigned by counsel for appellant is to the action of the court in giving the declaration of law above set out, it being urged that Franck was not a proper or necessary party either plaintiff or defendant.

While other authorities are cited in the brief of counsel for appellant, in the argument accompanying the brief the authorities relied on are 15 Ency. Plead. & Prac. 735; State ex rel. Glass v. Beasley, 57 Mo. App. 570, l. c. 574; and State ex rel. Jackson v. Bradley, 193 Mo. 33, 91 S. W. 483. The quotation from the Encyclopedia of Pleading and Practice is that the test of unity of interest intended by the statute is such joint connection with the subject-matter as would preclude a separate action. However true this proposition may be, to apply it to the case at bar, as contended for by learned counsel for appellant, is the assumption of the very point in controversy. The question here for determination is whether this contract shows such joint connection with the subject-matter as will preclude a separate action by either Mr. Frumberg or Mr. Franck. The holding of the learned trial judge, as evidenced by the declaration of law, is that it will not.

In the Bradley case, supra, it is distinctly said (l. c. 45), that the employment of the two attorneys there named, one of whom had sued for compensation claimed to be due him, "although for a contingent fee was wholly independent of each other." That is not the case here. The contract is for services which were to be jointly performed by appellant and Mr. Franck; it is a joint contract for the joint services of the two in the conduct of a certain cause which the respondent here was desirous of having brought and prosecuted.

The Beasley case, supra, was an action for tres-

pass where several persons, alleged to have been damaged in their several interests, undertook to sue jointly. The Kansas City Court of Appeals very properly held that this could not be done.

In very many cases and from an early day, our Supreme Court has held that where the cause of action is on a joint contract the suit must be brought in the names of the joint obligees. Welles, to use, etc.; v. Gaty et al., 9 Mo. 561, was the earliest of these and the rule there announced has never been departed from, nor has it been changed by statute. A later case that collates many authorities and announces the same rule is that of Slaughter v. Davenport, 151 Mo. 26, 51 S. W. 471. There it appeared that the action had begun before a justice of the peace in the name of three parties plaintiff who recovered a judgment. The defendant appealed from that to the circuit court. There plaintiff amended his petition by leave of court, striking out the names of two of the plaintiffs, leaving Slaughter as the sole plaintiff and a verdict and judgment was returned in his favor. From this an appeal was taken to the Supreme Court. It appeared that the contract involved was to pay Brooking, Slaughter and Green a certain sum of money and that the only condition therein was that the necessary funds subscribed should be equal to one-fourth the cost of macadamizing a public road. Our Supreme Court (l. c. 32) there held that the cause of action being a joint contract, the suit was properly brought in the names of the joint obligees; that the amendment changed it to an action on a several contract; that if the contract was several there was no reason why this might not be done, for if a party plaintiff to a suit is an unnecessary party, the dismissal as to him would not in any way change the cause of action. "But," says Judge BURGESS, "it is not so when the suit is (on) joint contract, and the

amendment changes it to an action on a several contract, for in that case there is an entire change in the cause of action, from a joint to a several cause of action upon a joint contract which is not permissible.'' Further along at page 33 it is said, referring to the action as originally instituted, ''In the contract which formed the basis of that action the obligees were joint promisees, one of whom could not have maintained a separate suit upon the contract.''. In the light of these adjudicated cases, as well as of many more cited by counsel for respondent, we think that the learned trial court correctly applied the law as announced by him in the declaration of law complained of. That is the only error assigned and it is not tenable.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.