## McCLINTOCK-FIELD CO v WELLS et

Ohio Appeals, 4th Dist, Lawrence Co
Decided April 27, 1931

McLaughlin & Staker, Portsmouth, and W. L. Elkins, Ironton, for McClintock-Field Co.

A. R. Johnson and Andrews, Edwards & Andrews, Ironton, for Wells et.

BLOSSER, J.

The plaintiffs were not prejudiced by the action of the court in the particulars mentioned. The endorsers were entitled to introduce evidence of the extension of time by McClintock-Field Company and all the circumstances surrounding the transaction in reference to the extension of time regardless of the written agreement or its reformation. The action was brought by the three plaintiff corporations and in order to maintain the action it was necessary for all of them to join as plaintiffs. The interests of the plaintiffs were joint and no one of the plaintiffs could maintain the action without joining the others as plaintiffs. **Boyd v Steamboat Falcon, 1 Handy 363, 368; 60 Mo. 224; 78 Mo. 521; 7 Cal. 331.** And so by the same process of reasoning, while one joint promisee of a promissory note can not maintain an action on the note without joining the other payees as plaintiffs, yet there is no reason why he can not make a valid agreement to forbear bringing suit, or in other words to extend the time of payment without the consent of the other payees, and if he does so without the consent of the endorsers the endorsers are discharged. 50 C. J. 135; Clark C. Patton, 20 Am Dec. (Ky.) 203; Warburton v Ralph, 38 Pac. (Wash.) 140. In view of the fact that the endorsers were entitled to show all the facts and circumstances surrounding the agreement between McClintock-Field Company and Nell G. Wells the matter of the reformation of the paper writing became a moot question because the endorsers were entitled to introduce this evidence in any event.

Error is alleged to have been committed by the court in its charge to the jury. The court gave defendants' charge number one as follows:

"If the endorsers; Doctor Burton and others, were not in any wise benefitted by endorsing their names upon this note, and if the plaintiffs had no legal claim to lose for which the endorsement was made, then in that event I charge you there is no consideration for the endorsing of said note."

This charge is erroneous because it does not take into consideration any benefit which the endorsement may have been to Mr. or Mrs. Wells. Neither is it necessary for the promisee to give up a legal claim in order to lay the foundation for consideration. It may have been something else besides a legal claim.

Under the issues made in the pleadings and the evidence the case largely revolved about the question of the alleged false representations made by Nell G. Wells to the endorsers in order to obtain their signatures upon the note. In the general charge the court said to the jury:

"I charge you that in a case where the creditors exact of the principal debtor before taking a note or other evidence of indebtedness, that he must furnish security or endorsers on said note, that the principal debtor is in reality acting as agent of the creditors and that the creditors in such case have so authorized him; but there is fraud or misrepresentation of the principal debtor unless the endorsers had knowledge thereof or acquiesced therein."

The statement that the principal was acting as the agent of the creditors under the circumstances stated is not correct and is erroneous. A creditor who demands sureties or endorsers on a note he is about to take from a debtor does not necessarily, and does not ordinarily, stand in the relation of principal to the debtor. Usually their relations are adverse.

"A creditor demands security of his debtor, who, to obtain it, makes fraudulent representations to the one who becomes surety. The creditor is ignorant of these representations, and innocent as regards the debtor's conduct, no such relation of agency exists as will make the creditor responsible for the debtor's acts."

**Kingsland, etc. v Prior, 33 Oh St 19.** See also **Bank v Lucas, 26 Oh St 385.**

Under the issues in this case and the evidence presented the view of constructive agency which the court adopted in the above charge was particularly prejudicial to the plaintiffs. The other parts of the general charge do not cure the error in this regard.

The defendants offered in evidence defendants' exhibit three, which was purported to have been written by Henking, Resner and Company commenting on the extension of time on the note. This exhibit was not properly identified and its authenticity not proven.

Several other errors are complained of but we do not think they alone would be sufficient to justify a reversal were it not for the errors already referred to.

Because of the errors pointed out the

judgment is reversed and the case remanded to the Court of Common Pleas for further proceedings according to law.

MAUCK, PJ, and MIDDLETON, J, concur.