**John J. McATEE, Plaintiff-Respondent,**

**v.**

**Jacob GREENSPON, Joseph W. Greenspon, and Bess Kronick, Co-Executors of the Estate of Louis Greenspon and Louis Greenspon, Inc., Defendants-Appellants.**

**No. 33095.**

St. Louis Court of Appeals.

Missouri.

March 18, 1969.

---

Mellitz, Mass, Agatstein & Frank, Clayton, for defendants-appellants.

Walter Wehrle, Clayton, for plaintiff-respondent.

WOLFE, Judge.

The death of Louis Greenspon having been suggested after argument and submission of this appeal, upon motion of the respondent, Jacob Greenspon, Joseph W. Greenspon and Bess Kronick, co-executors of the estate of Louis Greenspon, are substituted as parties appellant in place of Louis Greenspon.

This is an action for attorney's fees which resulted in a judgment for $10,000 for the plaintiff, and both defendants appealed.

The service for which the plaintiff sought compensation arose out of his work to effect the rezoning of real estate. The real estate in question consisted of about fifty acres adjoining the City of St. Ann in St. Louis County. It was part of a seventy-eight acre tract upon which defendant Greenspon resided. He had stables there and raised show horses. Twenty-seven acres of the tract had been annexed by the City of St. Ann and were zoned "light

industrial." The remaining fifty acres were in the unincorporated part of St. Louis County and were zoned for residential purposes. Title to it was held in the name of a corporation, Louis Greenspon, Inc. This corporation was solely owned by Greenspon and was engaged in selling steel pipe, tanks and cranes. It occupied a residence that had been converted into an office and was located across the street from the seventy-eight acre tract.

There had been an abortive attempt by the City of St. Ann to annex the fifty acres but the procedural steps taken were not in conformity with the law. In December of 1963 and while the suit in the attempted annexation was still pending, Greenspon sought the counsel of Hyman Stein, a lawyer of distinction and many years of practice. Mr. Greenspon told him of the suit that was pending and said that the lawyers he had did not seem to be able to get the matter concluded. Greenspon was anxious to have the fifty acres that were still in the unincorporated area of the county annexed to St. Ann and zoned as light industrial as the twenty-seven acres previously annexed had been zoned.

He was interested in developing an industrial center there and such a development was not practical unless he could use the entire seventy-eight acre tract. He said he had experience in such developments and that they were very lucrative. Greenspon turned over to Stein at that time an analysis of the suitability of the land for light industry and asked Stein to take it home and study it.

Stein, after having determined that counsel in the suit then pending had withdrawn, reported to Mr. Greenspon. He told him that there would probably be two steps necessary in order to effect a change in the zoning of the tract. One would be the annexation of the land by St. Ann, followed by a city ordinance zoning the land as Greenspon desired. He informed Greenspon that there was a lawyer named John McAtee who had been County Counselor

for St. Louis County and had considerable experience with such matters. He suggested that Mr. Greenspon employ McAttee to assist in the work to be done. Greenspon then said he would accept Stein's recommendation and asked for McAtee's address and phone number. He said, "I'll hire both of you." In February or March of 1964 Greenspon telephoned McAtee and in response to the call McAtee went to his office and discussed with him the rezoning of his farm property.

The next day he secured from Greenspon a plat of the farm and during the week he went to the County Planning Commission and conferred with some of the officials about rezoning the area from residential to light industrial. It appeared that there was little chance of the county making such a change. This left as the only course open the annexation by the City of St. Ann and the subsequent zoning by the city to light industrial.

To this end both Mr. McAtee and Mr. Stein worked. The amount of the work done by Mr. McAtee was detailed by him. It started early in 1964 and continued until March, 1966, requiring over two hundred hours of time. The land was annexed to the City of St. Ann and zoned as light industrial.

There was evidence that the value of the property had increased by the zoning change. The mayor of St. Ann, a real estate broker, gave as his opinion that the value of the land as residential property was six thousand dollars an acre and that the zoning change raised its value to ten or fifteen thousand an acre.

Both Stein and McAtee worked on the various phases of the matter involved. Each at times conferred with Greenspon, individually or together. According to Stein and McAtee, McAtee did a major portion of the work. His fee was based on a charge of fifty dollars an hour. There was evidence that this was a reasonable charge. The deposition of Greenspon was put in evidence by the plaintiff. In the deposition Greenspon agreed that he discussed the matters involved with McAtee but said that McAtee was employed by Stein and not by him.

It is the contention of the appellants that the plaintiff and Hyman Stein, the other lawyer representing the defendants, were joint obligees under an oral contract of employment and that any action for fees could only be brought by both of them joining as plaintiffs. We are cited to Rule 52.04, V.A.M.R., which states that persons having a joint interest shall be made parties and shall be joined on the same side as plaintiffs or defendants. It is asserted that the only conclusion that can be drawn from the evidence is that Stein and McAtee were jointly retained as co-counsel. We are cited to Elmer v. Copeland, Mo.App., 141 S.W.2d 160, and Frumberg v. Haderlein, 167 Mo.App. 717, 151 S.W. 160. In both of these cases the petition sets out a contract specifically showing the plaintiff and another lawyer jointly agreed to render service and the plaintiff in neither case was joined by his joint obligee. We are also cited to Lenhardt's Estate v. Lenhardt, Mo.App., 322 S.W.2d 170. This was a suit by the claimant for room and board. The premises for which she sought to charge for occupancy were jointly owned by the claimant and others during the entire time that the decedent lived there. We held that any action to recover for occupancy should have been prosecuted by all of the owners.

In all of the foregoing cases the the fact was established that the plaintiff seeking to recover for himself was a joint obligee with another, or others, not a party or parties with him to the action brought. We find no analogy between those cases and the facts here considered. Greenspon hired McAtee and the fact that he also hired Stein does not make them joint obligees. One may employ as many lawyers individually as he may wish to employ and he is liable to each of them for the services rendered by each when he does so.

The other point raised relates to an instruction given. The plaintiff offered and the court gave an instruction designated as No. 5. It is as follows:

"If you find the issues in favor of plaintiff, you will award plaintiff such sum as you believe will fairly, reasonably and justly compensate plaintiff for the legal services rendered by him as described in the evidence."

There is at this time no MAI Instruction on the amount of an award in quantum meruit. Rule 70.01(e), V.A.M.R., states:

" * * * where there is no applicable MAI so that an instruction not in MAI must be given, then such modifications or such instructions shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts."

In following this rule the plaintiff modified Instruction 4.01 which is the measure of damages in tort actions. We discussed the use of that instruction in Stamm v. Reuter, Mo.App., 432 S.W.2d 784, wherein we held that it was properly used in the case of an action for breach of contract, and we hold here that the Instruction No. 5 substantially follows Rule 70.01(e).

It is contended that the instruction was deficient in failing to instruct that the compensation was limited to the reasonable value of the compensation. Fair, reasonable and just compensation could scarcely have any other meaning than a reasonable value for the service. We find the point without merit.

The appellant also contends that Greenspon's dealings with Stein and McAtee were as a matter of law only on behalf of the corporation. It could well be found by the jury that the interest of the corporation and Greenspon were joined in the venture. It was Greenspon who promised payment and both he and the corporation were beneficaries of the services. No such issue was presented to the jury by instruc-

tions given or offered. This point also is without merit.

For the reasons stated, the judgment is affirmed.

RUDDY, Acting P. J., and MARSHALL CRAIG, Special Judge, concur.