JAMES H. YORE et al., Appellants, v. AUGUSTUS P. YORE.

Division One, February 29, 1912.

1. **CONTRIBUTION: No Payment: Not Enforceable.** The right of contribution is not complete and therefore not enforceable until the plaintiffs have paid the amount that their joint obligor should have paid. Even though all the obligors sustain such a relation to each other as would entitle some of them to compel contribution from the others in case they pay the debt or restore the fund, the right remains inchoate and not complete until payment or restoration is made.

2. ———: **Compulsory Payment.** Contribution rests upon compulsory payment, and the word compulsory, is used in the sense that there must be a legal obligation to pay. But no one who is not legally bound to pay can by voluntary payment compel contribution.

3. ———: **Several Right.** The right of contribution is individual and personal, not joint. Each one paying is entitled to recover from the others jointly bound the amount he has paid in excess of his own proportionate part.

4. ———: ———: **Implied Contract.** The right of contribution rests upon an implied contract to repay, which contract the law itself implies from the relationship of the parties, and that implied contract is several, not joint.

5. ———: **Advancements out of Estate: Life Tenants: Remaindermen: Misjoinder of Causes and Parties.** A will gave the estate to four children for life, to go at their deaths to their children respectively, and if any should die without descendants then his share was to go to the children of the others, and one died without descendants and unmarried. The estate was placed in the hands of a trustee and large advancements were made to the four children or life tenants before partition, and after partition and the sale of the property these were paid back to the trustee out of the proceeds, and two of the life tenants and their children sue the remaining life tenant to compel him to restore to the corpus of the estate one-third of the advancements made to the deceased life tenant, alleging that they were paid to the trustee out of the distributive share of plaintiff remaindermen. *Held*, first, that there has been no payment; *second*, the two life tenants have no interest in the corpus of the estate, and are under no legal obligation to restore the amount advanced to their deceased brother, and any payment by them would be voluntary, and therefore they cannot maintain the suit; and, *third*, the plaintiffs allege a joint obligation of defendant to them, and the proof shows no such obligation, but shows only an inchoate several obligation.

6. ———: ———: **Former adjudication.** Where the right of plaintiffs to compel contribution from defendant for advancements made by the trustee to the deceased life tenant was adjudicated by the judgment in the partition suit, that judgment became a complete bar to a further separate suit for contribution.

7. ———: ———: ———: **Matters Adjudicated: How Shown: Pleadings as Evidence.** Under a general denial to plaintiffs' petition alleging that a judgment in partition showed payment and restoration to the corpus of the estate by them of advancements to a deceased life tenant and established their right to

compel contribution from defendant, he had the right to in-
troduce the pleadings in that case, as evidence, tending to show
that in fact the judgment was not in fact a payment of the
money so as to give the right of contribution.

Appeal from St. Louis City Circuit Court.—*Hon. G.
H. Williams,* Judge.

AFFIRMED.

*R. P. & C. B. Williams* and *F. M. Estes* for appel-
lants.

(1) The matters and things set up in plaintiffs'
petition are not *res adjudicata.* McMahan v. Geiger,
73 Mo. 145; Comstock v. Keating, 115 Mo. App. 378;
State Bank v. Bartel, 114 Mo. 276; Koekch v. Mixer,
52 O. St. 207. (2) In an action by one obligor on a
bond or other obligation against his co-obligor for con-
tribution, parol evidence is admissible to show for
what proportion of the liability each one is bound. Me-
chanics Bank v. Wright, 53 Mo. 153; 9 Cyc. 904; 7 Am.
& Eng. Ency. Law, 339; Mansfield v. Edwards, 136
Mass. 75; Newcomb v. Scrogan, 147 Mass. 398. (3)
Sureties may by special contract vary their liability
implied from their relation to the original debt and
such special contract or any facts affecting or negativ-
ing the equities between the parties may be proved by
parol evidence. 7 Am. & Eng. Ency. Law, 339; Robert-
son v. Eathrage, 82 Ill. 511; Knopf v. Morrell, 111 Ind.
507; Whitehouse v. Hanson, 42 N. H. 19. (4) So far as
the right to contribution is concerned, payment of
the indebtedness of Charles J. Yore in the manner in
which the same was paid by the decree of May 27, 1902,
was in legal effect the same as if the parties had paid
the same in actual money. 6 Pomeroy's Eq. Jurispru-
dence, sec. 917. (5) *Res adjudicata* is an affirmative
defense and must be pleaded in order to be available.
Beattie Mfg. Co. v. Gerardi, 166 Mo. 142; Kelly v.
Hurt, 61 Mo. 463.

*Barclay, Fauntleroy & Cullen* for respondent.

(1) The petition does not allege that plaintiffs James H. Yore and Margaret Yore McCord have paid the indebtedness of Charles J. Yore; on the contrary the petition alleges that the children of these two plaintiffs have paid the debt. A surety cannot claim contribution until he has paid the debt. When a party not bound pays a debt he is a mere volunteer and cannot recover the money back, and the debt is discharged. Burkham v. Manewal, 195 Mo. 509. Hence there can be no claim on sureties for that debt. (2) The only agreement plaintiffs endeavored to prove was that Margaret Yore McCord, James H. Yore and defendant were sureties for Charles J. Yore's indebtedness. The only proof touching payment of this sum is the final decree in the partition suit, where it is charged against the children of James H. Yore and Margaret Yore McCord. A surety cannot claim contribution for moneys not paid out. This evidence shows that some party other than the surety has paid the debt; in no event could the debt be collected from the sureties. (3) The partition suit proceedings conclusively establish that defendant did not assume any of Charles J. Yore's indebtedness, but it was assumed by plaintiffs herein (except James H. Yore and Margaret Yore McCord). Bobb v. Graham, 89 Mo. 200. The liability of the signers of the mortgages for this indebtedness was one of the points litigated in the partition suit, as the court was asked to charge against those signing the mortgages the amounts advanced. The court acted on this prayer and charged these amounts to these parties; the decision is conclusive that the amounts are correctly charged. Spratt v. Early, 199 Mo. 501; Buchanan v. Smith, 75 Mo. 463; Garton v. Botts, 73 Mo. 274. Where the question of liability has been litigated, the judgment is conclusive in its findings and the issue cannot be reopened. Hoyt v. Greene, 33 Mo. App. 240; Harmon v. Auditor, 123 Ill. 122;

Goldschmidt v. County, 37 Minn. 49.  (4) Though parties may all be either plaintiffs or defendants a judgment fixing the liability *inter sese* is conclusive thereof, even if in subsequent suit where they are plaintiff and defendant.  Wiggins v. St. Louis, 135 Mo. 569; Louis v. Township, 109 U. S. 162; Railroad v. Sargent, 72 N. H. 455; Baldwin v. Hanecy, 204 Ill. 287.  (5) A former judgment need not be pleaded to make it an estoppel; when offered in evidence its force and conclusiveness are the same as when pleaded.  McNair v. O'Fallon, 8 Mo. 205; Strong v. Insurance Co., 62 Mo. 289; Garton v. Botts, 73 Mo. 274; Insurance Co. v. Smith, 117 Mo. 297.  (6) And, under a general denial, a former judgment is admissible, and is conclusive of the rights of the parties.  Garton v. Botts, 73 Mo. 274; George v. Gillespie, 1 Greene (Ia.), 421.

GRAVES, P. J.—Action for contribution.  Amount involved "the sum of $6112.29½ with interest from May 27, 1902." This suit was instituted in the circuit court of the city of St. Louis May 17, 1907, and upon trial in December, 1908, judgment was entered for defendant, from which plaintiffs have appealed.

For brevity of statement matters of pleading and evidence had best be commingled.  From it all we gather these facts:

July 14, 1889, Patrick Yore departed this life in the city of St. Louis, leaving surviving him five children, viz.: James H. Yore, Margaret Yore McCord, August P. Yore, Charles J. Yore and Sarah O. Walton.  A son, William Yore, died prior to the father, leaving as his heirs three children.  Charles J. Yore, one of the living children of Patrick Yore at the time of his death, departed this life in January, 1902, intestate, unmarried and without children.  The plaintiffs in this suit are the said James H. Yore and Margaret Yore McCord, and their respective children.  The defendant is the son August P. Yore, mentioned supra

as one of the five children of Patrick Yore. It also appears that Patrick left a widow, but her interest in his estate seems to have been fixed by an ante-nuptial contract, which is not questioned in the case at bar.

Patrick Yore was the owner of two valuable tracts of real estate in the city of St. Louis at the time of his death, which, however, do not appear to have been revenue producers. By his will the said Patrick made several minor bequests to be paid out of the personal estate or the rents of the real property. The children of the deceased son, William, were debarred from participating in the estate because, as averred in the will, said William had been liberally provided for in his lifetime. The daughter, Sarah O. Walton, was to receive sixty dollars per month as long as she lived. The will then further provided:

"Seventh: I direct that the taxes, insurance and repairs on my property shall be paid and made, that my property shall be kept well and fully insured and in good order and repair, and that in case of loss by fire the insurance money shall be expended and employed in repairing and rebuilding the property so damaged or destroyed.

"Eighth: The balance of the net income of my whole estate I will and bequeath to my sons, James, Augustus and Charles, and to my daughter Maggie McCord, payable to them during their lives in equal parts of one-fourth each.

"Ninth: Upon the death of the said James, Augustus and Charles Yore or the said Maggie McCord, as the same shall respectively occur, his or their respective shares of the income of my estate so bequeathed by the eighth item of this will, shall be and become the property of and go to and be divided among the children or their descendants of such decedent. And in the event of the non-existence of such descendants, then to the right heirs of said James, Augustus and Charles Yore or Maggie McCord, respectively.

"Tenth: My real estate shall not be sold or partitioned but shall be kept together until the deaths of the said James, Augustus and Charles Yore and Maggie McCord, when I will, devise and bequeath all my property then remaining, real, personal or mixed and wherever situated, to the children and descendants or right heirs respectively of the said James, Augustus and Charles Yore and Maggie McCord, said children and descendants or heirs to take *per stirpes* and not *per capita*.

"Twelfth: I nominate, constitute and appoint my son James Yore, but in case he fails to qualify or after his death, my son Augustus Yore, the executor of my will, and request that neither of them be required to give bond in order to qualify as such."

At the institution of this suit the widow, Sophia A. Papin Yore, was dead, and her certain life interest in a part of the real estate created by the ante-nuptial agreement was at an end. The estate had been finally settled in the probate court. The circuit court of the city of St. Louis had appointed the St. Louis Union Trust Company of that city as trustee under the will aforesaid. In the preservation of the estate and by way of advancements it had advanced a considerable sum of money. Tiring of the trust and desiring settlement, the parties sought another trustee. The Mississippi Valley Trust Company was importuned. In April, 1895, the above named life tenants, and such of their children as were of age, executed to the Mississippi Valley Trust Company, a trust deed covering the property of the trust estate, in which provision is made for the payment of the sum due to the Union Trust Company, and also for certain other advancements to the life tenants. Among other things this trust deed recited: "As between said first parties to and with said second party joint and several obligation, and due to said second party from each and

every one of said first parties single and alone, as well as from the whole of them collectively.''

In August, 1896, Clement Yore, a child of the said James H. Yore, became of age, and a second trust deed, signed by those signing the first and the said Clement was made. This referred to and incorporated therein the matters and things mentioned in the first trust deed, and in addition secured further advances.

In June, 1900, a third trust deed was made, being signed by the life tenants and all their children then of age, which secured all the matters and things mentioned in both the first and second trust deed aforesaid, and provided for further advances from the Mississippi Valley Trust Company.

Finding themselves embarrassed with the constantly accumulating advancements, the parties instituted a partition suit, asking for a sale of the property. Pending this action the said Charles J. Yore died, and an amended petition was filed stating the facts. This case went to judgment and such judgment is pleaded in this action.

By that decree it was found that advancements had been made to the life tenants as follows: James H. Yore, $27,257.06; Margaret L. McCord, $25,128.00; August P. Yore, $19,284.00; Charles J. Yore, $18,351.-88; to the remainderman Clement Yore, son of James H. Yore, the sum of $960.41.

This suit involves the one-third of the $18,351.88 advanced to Charles J. Yore, who died pending the suit, without repaying to the corpus of the estate such advancement made to him, which was secured by the trust deeds aforesaid.

In the partition suit the property was sold. In proper action the Colonial Trust Company was substituted as trustee, and the debt of the Mississippi Valley Trust Company paid out of the proceeds of the sale. This sum was $97,344.32. Plaintiffs' petition

after detailing the fact as to the will, the administration of the estate, the giving of the several trust deeds, the partition proceeding and its decree, the substitution of the Colonial Trust Company as trustee, then thus proceeds:

"Plaintiff further avers that the said sum advanced to the said Charles J. Yore has been paid as hereinbefore shown, and under said decree of May 27, 1902, said sum was paid, one-half by the children of Margaret Yore McCord, by deducting such amount from the distributive share of such children under the said will, and the other half by the children of James H. Yore, by deducting such amount from the distributive share of such children of James H. Yore under said will.

"Plaintiffs further allege that the said Augustus P. Yore in and by the signing of said mortgages bound not only the life interest that he then owned in said estate, but expressly transferred and conveyed any additional or further interest or estate that he might subsequently acquire in the said property; that upon the death of said Charles J. Yore the said Augustus P. Yore acquired and became vested with an additional one-fifth of one-fourth interest in and to the income and the corpus of said estate, and plaintiffs aver that such additional interest acquired by the said Augustus P. Yore became charged with, and the said Augustus P. Yore became jointly liable with, the other two surviving life tenants who signed said mortgages for one-third of the said amount advanced to the said Charles J. Yore, deceased.

"Plaintiffs further aver that they have repeatedly requested and demanded of the said defendant, Augustus P. Yore, that he pay to them his one-third part of the said sum of $18,351.88, the amount advanced to said Charles J. Yore, and which said plaintiffs have paid as aforesaid, but the said defendant has failed and refused to pay said sum of money or any part thereof.

"Wherefore, plaintiffs sue and demand judgment against said defendant for the sum of $6,112.29½, with interest from May 27th, 1902."

The answer was a general denial. It should also be noted that the petition also charges that there was an agreement before the trust deeds were given, to the effect that in the event one of the life tenants should die, the surviving life tenants should assume and pay the advancements made to the deceased life tenants. It should be further noted that the decree in partition undertakes to restore the corpus of the estate by impounding in the hands of the trustee the income going to the surviving life tenants.

Plaintiffs claim that by reason of the trust deeds and this alleged agreement the defendant should have paid one-third of the money advanced to Charles J. Yore. They further claim that, by the terms of the partition decree, this third part has been paid by the children of James H. Yore and Margaret Yore McCord. Hence this action for contribution. Other facts may become material in the discussion of the points made, but for the present this sufficiently states the case.

I.   The gist of plaintiffs' petition is that upon the death of Charles J. Yore, the three remaining life tenants became bound for the money advanced to him, and not repaid by him to the corpus of the estate at the time of his death. For the sake of the argument and a determination of this case, it might be admitted that the facts so show. Admitting therefore that the three surviving life tenants were jointly obligated to pay the amount advanced to Charles J. Yore, how stands the case? The proof fails to show that the two life tenants (James H. Yore and Margaret Yore McCord) who are plaintiffs herein, have ever paid any portion of said debt.

In 3 Cyc., p. 798, the rule is thus stated: "The right to contribution is inchoate from the date of the

creation of the relation between the parties, but is not complete, so as to be enforceable, until there has been an actual payment in whole or in part of the common obligation or until something is done equivalent to a discharge thereof.''

This right of contribution is one which belongs to one of two or more joint obligors. It is a right which grows out of the relation of the parties to the contract. It is a right given to protect one of the joint obligors in the event he has been compelled to discharge the whole debt, or more than his proportionate part of the whole debt.

A further rule is thus stated in 9 Cyc., pp. 798-9: ''To entitle one to contribution the payment must be compulsory in the sense that the party paying was under legal obligation to pay, but according to the weight of authority it is not necessary to make the payment involuntary that suit should have been instituted against the person seeking contribution or that a levy should have been made on his goods. It is necessary that the payment should have been made at the request of the co-obligor, but it may even be made against his protest, and a payment is not voluntary because it was made before the obligation matured. In the absence of agreement a premature payment does not, however, hasten the right, and contribution cannot be enforced until the debt falls due. It is not necessary that the entire debt should have been paid, but the payment must have been for more than the share of the person seeking contribution.''

From this it must be gathered that the payment must be made by one obligated to pay the whole as between himself and the payee, but only bound to pay a proportionate part as between himself and his co-obligors. From this it is clear that James H. Yore and Margaret Yore McCord were not entitled to recover, because they have made no payments. Had they made payment, and the right of contribution in fact existed,

they could assign that right, and the assignor could sue, but no one who is not bound to pay, can voluntarily pay, and thus give either Mr. Yore or Mrs. Mc-Cord a right of action. Nor would a right of contribution inure to the voluntary payor. The doctrine of contribution rests upon compulsory payment. We use the word compulsory in the sense that there must be a legal obligation to pay. For the mere volunteer there is no legal obligation to pay and his payment is not compulsory in that legal sense in which the term is used in connection with the doctrine of contribution. Under no theory of the petition can James H. Yore and Margaret Yore McCord recover? If not, how stand the other plaintiffs? Where plaintiffs sue jointly, as in this case, they must all show a right to recover, or none can recover. They must show an obligation upon the part of the defendant to them jointly and not to them individually, and this because they have pleaded an obligation to them jointly. Proof of an obligation to only one or more (but less than all), would be proof at variance with the obligation pleaded in the petition. If a plaintiff sue two or more defendants he may have a judgment against one or more of them according to the liability shown. But here the plaintiffs aver that they all have a joint interest in the subject-matter of the suit and aver that they are all entitled to recover. They plead a joint right of recovery against the one defendant. They aver that the obligation of defendant is one to them jointly and not severally. In such case if the suit fails as to one or more of the plaintiffs it must fail as to all. By this we mean that if the proof shows that the obligation from the defendant to the plaintiffs is not one to them jointly, but severally, then there is a failure of proof under the petition. They have pleaded one kind of an obligation and proven another. So in the case at bar we find that the petition avers that the obligation of defendant to pay is one to all the plaintiffs jointly. The proof is that there is

and could be no such obligation. The proof shows that at least two of the plaintiffs have no right of contribution at all. The proof therefore fails to sustain a petition which charges an obligation from defendant to all the plaintiffs jointly.

But further the right of contribution is an individual and personal right. It grows out of what the individual himself does. It is a right which accrues to one or more individuals (out of the whole number bound) who pay the debt for which they are all bound. Each one paying is entitled to recover from the others the amount which he has paid in excess of his own proportionate part. His right to recover is dependent upon the excess which he himself pays. The recovery is due to him and to no one else. In other words, the act is individual and the right of contribution is individual. The right of contribution rests upon an implied contract to repay, which contract the law itself implies from the relationship of the parties. Such implied contract is several and not joint. Of course the act of a co-partnership would in this sense be individual. But this is by the way-side and only illustrative. It is sufficient for this case to say that plaintiffs have pleaded an obligation from defendant to them jointly, and the proof fails to show such an obligation.

Had they been suing upon a note and charged that defendant by his certain note promised to pay plaintiffs $6000, and in trying to prove their case, they only offered a note of such sum from defendant to two of the plaintiffs, the case would fall for want of proof. So in this case. A joint obligation is pleaded, but none such shown.

II. But there is a further barrier to the right of recovery in this case. The plaintiffs in their petition plead the judgment in the partition suit. All the parties in this case were parties to that case. That judg-

ment was unappealed from by either these plaintiffs or any of the parties thereto. As to all it is a final adjudication. Plaintiffs say that through this judgment the children of James H. Yore and Margaret Yore McCord have paid the sum for which all the plaintiffs now seek contribution. To show such alleged payment they introduce in evidence this decree. To show that such judgment was not in law or in fact a payment of the sum sought to be recovered in this case, but a final adjudication of this and all other contentions of the parties, the defendants introduced the pleadings in the case, so that they might be considered in connection with the judgment offered by plaintiffs. The plaintiffs were pleading and relying upon this judgment. Even under a general denial the defendants had the right to show from all the facts that the judgment was not in fact a payment of the money so as to give a right of contribution. It is not in the nature of *res adjudicata,* and hence the discussion of the necessity to plead *res adjudicata* is not really in the case. It is in the nature of evidence rebutting the claim of payment. The judgment and pleadings considered, it is apparent that the decree in partition was an adjudication of all the rights of the parties, and the evidence introduced (the judgment and pleadings) show that fact rather than the alleged fact of payment by and through the judgment. If the judgment (enlightened by the issues made as shown by the pleadings) fails to show payment, then of course the case fails as to all the plaintiffs.

When read in connection with the issues made by the pleadings the decree shows a final determination of all the rights of the parties thereto, including the money involved in this action. If that decree was wrong it should have been appealed from by the parties aggrieved. As it stands it shows a complete adjudication of all interests between the parties, and

cannot be made the basis of an alleged payment so as to authorize contribution.

These views preclude the discussion of several other points urged. It follows that the judgment should be affirmed, and it is so ordered.

All concur.