ZACHRY & GEARHART v. PETERSON & AVANT. (No. 5355.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 25, 1914.

1. PRINCIPAL AND SURETY (§ 200*)—RIGHT OF ACTION BETWEEN SURETIES.

One of two sureties for a debt, having a cause of action against the other only when he has been compelled to pay more than his share of it, and then only for contribution, cannot, when nothing has been done as to payment, maintain an action against the other to compel payment of his share to the principal debtor, for payment to the creditor.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 641–650; Dec. Dig. § 200.*]

2. CORPORATIONS (§ 218*) — STOCKHOLDERS' LIABILITY—RELATION OF SURETYSHIP.

For improvement of the property of a corporation, though made by one under contract

with one of the two stockholders, authorized to do so by the other, who had agreed to pay his part of the expenses, the corporation is primarily liable, and the two stockholders are sureties as to each other, as regards right of action by one against the other to compel payment of his share of the debt, though they be principals as to the holder of the debt.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 218.*]

Appeal from District Court, Uvalde County; R. H. Burney, Judge.

Action by Zachry & Gearhart against Peterson & Avant. Judgment for defendants, and plaintiffs appeal. Affirmed.

W. D. Love, of Uvalde, for appellants. G. B. Fenley and I. H. Burney, both of Uvalde, for appellees.

CARL, J. Appellants, Zachry & Gearhart, a firm composed of J. H. Zachry and J. H. Gearhart, sued Peterson & Avant, appellees, another firm composed of Charles Peterson and A. M. Avant, and alleged, substantially: That about January 7, 1912, Peterson & Avant, being the owners of most of the capital stock of the Uvalde & Leona Valley Interurban Company, agreed with appellants that they should have 250 shares of the capital stock of said Interurban Company, and appellees were to have all of the remaining stock, except about 6 shares, that were held by outside parties. The capital stock was $50,000, divided into 500 shares. Appellants agreed to assume one-half of a $21,000 debt against the Interurban Company, held by one Joe C. Kerby, secured by mortgage on the property, and all parties were to sign new notes, with the Interurban Company as principal and the parties signing individually as sureties, and were to give a lien on the property to secure said new notes. (There are other features of this contract which it is not necessary here to state.) That appellants received their 250 shares of stock, and also assumed their one-half of the $21,000 in debts, and joined appellees in executing new notes and security therefor, as provided in the contract, both appellants and appellees signing individually as sureties; but that by the terms of said contract appellants were only to assume one-half of the debt against the property, appellees having obligated themselves to pay the other one-half. That at the time of making said contract it was in contemplation of all the parties that certain improvements were to be made on the Interurban property, such as a freight track, down one street in Uvalde, etc., which would entail an outlay of something like $10,000, which expense was to be borne equally by the parties. That, pursuant to said agreement, appellants made a contract for and did construct said improvements, and that the construction of the same, including depot, etc., cost $20,122.41. That Kerby's debt was represented by 10 notes, each for $2,100, payable January 1, 1913, and each succeeding year thereafter, with 7 per cent. interest on the whole series, payable annually as it accrues; and that on January 1, 1913, the parties all paid their parts of the first note and the annual interest, and costs incurred in building said track, depot, etc., that accrued first, amounting to $13,991.32, which amount included $3,600 received as bonuses and $2,391.32 earnings, which left the sum of $4,000 paid on said cost of construction by the respective parties to this suit. That when the $2,100 note held by Kerby matured January 1, 1914, and the interest on the whole series, appellees failed and refused to pay their one-half; but appellants procured and had ready their part of the note and interest, and requested the appellees to pay their share, which they refused to do. That by reason of appellees' failure to pay their part, said note and interest have matured, and by the terms of said notes all are subject to be matured, and suit is liable to be brought on the whole series. Appellants are anxious to meet and pay off their share. That of the cost of construction of the improvements there remains unpaid $6,131.09, of which each side owes $3,065.55, and appellants alleged they were ready to pay their part, but appellees would not do so, although liable therefor under the above-mentioned contract. That by reason of the fact that appellants own one-half of the capital stock of the Interurban Company, and are personally liable on the notes—

"and by reason of the fact that the properties and credits of the Uvalde & Leona Valley Interurban corporation are being impaired and damaged by reason of defendants' failure and refusal to comply with the terms and conditions of the contract herein described and copied, plaintiffs are personally and peculiarly interested in defendants paying their said obligations, and pray judgment against them that they be required to pay same according to the terms of said contract. Wherefore plaintiffs pray, as they have heretofore prayed, that on final hearing hereof that plaintiffs have judgment against said defendants, as a partnership and individually, jointly and severally, for the sum of $1,617 to be paid into the treasury of the Uvalde & Leona Valley Interurban Company, and applied in payment of the above-described claim of Joe C. Kerby, and $3,065.55 to be applied in payment of balance due on said construction work; also for damages, personally to these plaintiffs, in the sum of $10,000, for costs expended in this behalf, for execution, and for such other and further relief as in law or in equity they may show themselves entitled to receive."

The court sustained the general demurrer of appellees to the petition and the following special exceptions:

"(1) The defendants specially except to all that portion of plaintiffs' first amended original petition, wherein they seek to recover of defendants the sum of $1,617, alleged in said petition to be one-half of one certain note in the principal sum of $2,100, plus one-half the interest accrued upon the whole series of notes signed by them, and held by Joe C. Kerby, and say that the plaintiffs cannot recover of them for the said amount for the following reasons: (a) It is not shown that the plaintiffs have in

any way paid or satisfied the said indebtedness due the said Joe C. Kerby. (b) It is not shown by the said petition that the plaintiffs have any right or authority to sue for the said amount in behalf of, or for the benefit of, the said Joe C. Kerby, the alleged owner of the said notes. * * *

"(3) The defendants except to all those allegations in plaintiffs' petition, wherein they seek to recover of defendants $3,065.55, claimed as balance due on construction work and improvements made for the Uvalde & Leona Valley Interurban Railway Company, because: (a) It is not shown to whom said amount of indebtedness is due, or to whom it is to be paid. (b) It is not shown that plaintiffs have in any manner paid or satisfied said indebtedness, and that the same is now due them by the defendants. (c) It is not shown that the plaintiffs have any right or authority to sue for the benefit of the unknown creditor.

"(4) These defendants except to all that portion of the plaintiffs' prayer for relief wherein they pray for judgment against the defendants for the sum of $1,617 to be paid into the treasury of the Uvalde & Leona Valley Interurban Company and applied in payment of the claim of Joe C. Kerby, and $3,065.55 to be applied in payment of balance due on construction work alleged in said petition, because: (a) The said Uvalde & Leona Valley Interurban Company is not a party to this suit and could not be controlled in any manner by a judgment of this court. (b) It is nowhere shown that the said Uvalde & Leona Valley Interurban Company is solvent, or would be responsible for the said amounts, if the same should be collected from these defendants and turned over to them. (c) The said Joe C. Kerby and the creditors for the said $3,065.55 are not parties to this suit, and it is not shown that the said Uvalde & Leona Valley Interurban Company is authorized in any manner to receive their moneys; therefore this court would have no jurisdiction or authority in law to adjudge that the said moneys should be turned over to the said Uvalde & Leona Valley Interurban Company for any purpose in this suit under the allegations in plaintiffs' petition. (d) It is not shown by the allegations in said petition that the said Uvalde & Leona Valley Interurban Company is in any way indebted to the said creditors for the sums of money prayed for in the plaintiffs' petition, or that it is liable for the payment thereof."

Appellants declined to amend, and the court thereupon dismissed their suit, and from that order this appeal is taken.

[1] It will be noted that appellants have not paid any part of appellees' debt; but, on the contrary, the petition shows that of the payments made, so far, appellees have paid their part. The debt for which recovery is sought is primarily the obligation of the Uvalde & Leona Valley Interurban Company, and the parties to this suit, plaintiffs and defendants, are sureties of and, individually and as firms, liable for that debt. The recovery is sought for a debt appellants have not themselves paid, and for which appellees could only become liable to them for contribution in case they should be compelled to pay more of said debt than appellees might pay. The Interurban Company might pay its obligation, and in that event neither set of sureties would have anything to pay, and, of course, there would be no cause for contribution. Stranger still, however, is the contention and prayer that appellees be required to pay their share of the debts to the Uvalde & Leona Valley Interurban Company.

[2] For the improvements on the Interurban Company the corporation is primarily liable, and the parties to this suit are co-obligors or sureties as to each other, while principals as to the holders of the debts. It is not alleged that plaintiffs have paid one dollar for which they are entitled to contribution from defendants below. The first assignment is overruled. Twichell v. Askew, 141 S. W. 1072; Wilks et al. v. Vaughan et al., 73 Ark. 174, 83 S. W. 913; Yore et al. v. Yore, 240 Mo. 451, 144 S. W. 847; Hall v. Hall, 34 Ind. 314, 43 L. R. A. 162 (see note on this page); 9 Cyc. 798.

The petition presents the strange anomaly of asking that appellees be required to pay over to the principal in the obligation their share, while plaintiffs below would be left to pay their pro rata at pleasure. It was certainly no more the duty of appellees to pay their part to the Interurban Company than it was the duty of appellants to do the same. And stranger still is the proposition of law that sureties can be required to pay their pro rata of an obligation to an insolvent principal, to apply to a debt for them on which they are not primarily liable as among themselves. We say insolvent principal, because, if not unable to pay its debts, there would be no occasion for the sureties to pay anything at all. But none of the parties have paid any part of the debt for improvements, nor of the remaining Kerby notes, for which contribution is here sought. As between sureties there is no doubt that one paying more of the obligation of the principal than his just proportion can have contribution from the other sureties. But that is not the case presented to us, because it is not contended that appellants have paid any more than have appellees. A citizen has the right to handle and dispose of his own funds, and, if he owes a debt, the law provides a remedy for requiring him to meet it. That remedy, however, does not deny him the right to pay his money to the one legally entitled to receive it, instead of the party whose default placed upon him the duty of paying the debt. The Interurban Company was not a party to the suit.

The trial court did not err in sustaining either the general demurrer or the special exceptions. Mateer v. Cockrill, 18 Tex. Civ. App. 391, 45 S. W. 751; Twichell v. Askew, 141 S. W. 1072; Jackson v. Murray, 77 Tex. 646, 14 S. W. 235; Tarlton v. Orr, 40 Tex. Civ. App. 410, 90 S. W. 534; Glasscock v. Hamilton, 62 Tex. 169; Hamilton v. Glasscock et al. (Sup.) 9 S. W. 207; National Bank v. McAnulty, 89 Tex. 124, 33 S. W. 963, 32 S. W. 376; Yore et al. v. Yore, 240 Mo. 451, 144 S. W. 847; 9 Cyc. 798, 801.

The judgment is in all things affirmed.