**TRANSWESTERN INDUSTRIES, INC. and Institutional Agencies Corporation, Appellants,**

v.

**Lawrence E. SHUE, Respondent.**

**No. KCD 28037.**

Missouri Court of Appeals, Kansas City District.

June 1, 1976.

C. Brooks Wood, Kansas City, for appellants.

Michael Paul Harris, St. Joseph, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

This case was initiated by a petition in four counts. Institutional Agencies Corpo-

ration sued as plaintiff in Counts I and II, while Transwestern Industries, Inc., was plaintiff in Counts III and IV. Defendant Shue filed a motion to dismiss each of the four counts for failure to state a cause of action and the trial court sustained that motion as to Counts I and II. Transwestern then voluntarily dismissed Counts III and IV. Institutional Agencies appeals the order of dismissal only as to Count I.

Under the facts alleged in Count I, taken together with those shown by the exhibits attached and incorporated therein by reference, Shue and Transwestern entered into a partnership on February 1, 1971, to conduct an agency for the sale of life insurance, under the partnership name Consolidated Agencies. The partnership agreement provided that the partnership capital should be furnished and all profits and losses should be shared equally.

Thereafter, on September 20, 1971, Shue and Institutional Agencies (which is a wholly owned subsidiary of Transwestern) executed a joint note to National Fidelity Life Insurance Company for $15,000, payable in twelve months with interest at 7% per annum. The makers pledged as collateral for the loan the assets and renewal commissions of Consolidated Agencies and Institutional Agencies and the personal assets of Shue.

The petition alleges that after the note became due, Institutional Agencies was forced to pay the entire principal of the note with interest from September 20, 1971, to October 31, 1972, the total payment coming to $16,169.72. The petition further alleges that Shue is jointly liable for payment of the note and interest and that Institutional Agencies is therefore entitled to recover one-half of the payment; that Institutional Agencies has made demand on Shue for reimbursement; but that Shue has failed and refused to pay. Count I of the petition therefore prays judgment against Shue for $8,084.86, with interest from the date of demand.

Institutional Agencies seeks recovery of that sum on the theory of equitable right of contribution. It relies upon the principle that although it was bound to pay the whole amount of the note obligation to the payee National Fidelity Life Insurance Company, it was only bound to pay a proportional part of that debt as between itself and its co-obligor Shue. Shue does not deny the general right of one co-obligor who has paid the whole debt to contribution from the other. However, he claims that recovery on that theory is limited to only such amount as represents an excess of the common indebtedness over Institutional Agencies' "proportional share." *Van Petten v. Richardson*, 68 Mo. 379 (1878); *Yore v. Yore*, 240 Mo. 451, 144 S.W. 847 (1912). Shue contends that Institutional Agencies has not brought itself within this rule because it has made no allegation of what proportion each party had agreed to pay. In this respect, he states in his brief: "Notwithstanding the fact that Appellant plead in paragraph 5 of Count I that it paid the entire amount due on the note when the obligation matured, it is a mere conclusion on Appellant's behalf when it states in paragraph 6 of Count I that Appellant is 'therefore entitled to recover one-half of said payment.' Not only must Appellant plead that it paid to the payee a certain sum of money in accordance with said note, but also that said amount was more than Appellant's proportionate share."

 She's position is fallacious. The legal rule is that absent proof to the contrary, it is presumed that co-obligors received equal benefit from the obligation and must contribute equally to its payment. 18 Am.Jur.2d Contribution § 19, p. 33; 11 Am.Jur.2d Bills and Notes § 588, p. 655; see *Allison v. Dilsaver*, 387 S.W.2d 206, 213 (Mo.App.1965). Institutional Agencies carried its full pleading obligation in this case when it alleged the joint execution of the note, its payment in full, the demand upon Shue for contribution, and Shue's refusal. Those allegations presumptively entitled it to recover from Shue one-half of the payment made by Institutional Agencies to National Fidelity Life Insurance Company. 18 Am.Jur.2d Contribution § 102, p. 139; 18 C.J.S. Contribution § 13 d.,

p. 24. If there was any contrary agreement between the parties or any other equitable reason why Shue was not responsible for a contribution in that amount, the burden of alleging and proving such facts was upon Shue. 18 Am.Jur.2d Contribution § 102, p. 139; 18 C.J.S. Contribution § 13 e., p. 25.

The above principles have been applied in situations virtually identical to that in the present case. In *Gaster v. Waggoner*, 26 Ohio 450 (1875), a judgment was entered against the plaintiff and the defendant jointly, which was paid by plaintiff alone. He then sued defendant for contribution alleging the rendition of the judgment, the payment by plaintiff and that defendant thereby become indebted to plaintiff for one-half. The defendant demurred to the petition and the demurrer was overruled. On appeal the defendant argued that the petition was defective in that it had to show that the defendant was beneficially interested in the consideration of the joint liability upon which judgment was obtained. The action of the trial court was affirmed. The Ohio Supreme Court held that a motion to make more definite and certain would have been proper but that the petition was good against demurrer:

> "As between joint debtors, there is no presumption of law that either is primarily liable for the debt; nor is there a presumption that any fact or relation between them exists which would show that each is not equitably bound, as between themselves, to pay his proportionate share of the debt. If there be such primary liability, or if there be no equitable obligation as between themselves to pay proportional shares, the facts which rebut the presumed equity should be set up by way of defense, and need not be negatived in a petition for contribution."

Similarly in *Owens v. Blackburn*, 161 App.Div. 827, 146 N.Y.S. 966 (1914), one co-maker of a note brought suit for contribution against two other co-makers. The petition set forth the note, that plaintiff was compelled to pay, that he paid in full and had demanded that each of the defendants contribute one-third of the amount so paid. That petition was held to be sufficient:

> "The three makers were liable to the payee both jointly and severally, but presumptively, as between themselves, their liability was joint, and equity requires that they bear the burden equally, and that those who have not paid shall contribute to the plaintiff, who has been obliged to pay the entire amount for which all three makers were liable. [citing cases]

> "It was not incumbent on the plaintiff, in the circumstances, to allege an agreement for contribution, for that is an obligation implied and enforced by courts of equity. [citing cases]"

Count I of the petition in this case was sufficient to state a claim upon which relief could be granted. The judgment dismissing that count is therefore reversed and the cause is remanded with instructions to reinstate Count I for further proceedings.

All concur.