## SLAUGHTER, Appellant, v. DAVENPORT.

### Division Two, June 15, 1899.

1. **Parties to Actions:** JOINT CONTRACT: WHERE OBLIGEES ARE TRUSTEES. In a complaint filed before a justice of the peace, it was alleged that defendant promised to pay plaintiff, G. *and* B. the sum of $50 for macadamizing a public road. The real contract, which was in writing, was a promise to pay plaintiff, G. *or* B. said sum, in trust for the purpose of macadamizing a public road for the use and benefit of the public. *Held*, that the contract was joint, and that the suit must be maintained in the name of all the promisees.

2. ———: ———: ———: APPEAL FROM JUSTICE: DISMISSAL AS TO OBLIGEES. Where a suit was begun in the name of the three promisees of a joint contract before a justice of the peace, it was a change of the cause of action to amend the complaint on appeal to the circuit court by leaving out the names of two of them. (Overruling Davis v. Ritchie, 85 Mo. 501).

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

COOK & GOSSETT for appellant.

(1)   The amendment, by striking out the names of two of the plaintiffs, was proper and was authorized by the statute. Section 6347, R. S. 1889; Davis v. Ritchie, 85 Mo. 501; Williston v. Smith, 52 Mo. App. 133; Busche v. McElroy, 12 Mo. App. 567.   (2)   A contract payable to "A, B or C" is a contract to pay them jointly and all should join in suit.   Quinde v. Merritt, 11 Humphrey, 439; Willoughby v. Willoughby, 5 N. H. 244; Osgood v. Pearson, 4 Gray 455; Waldras v. Petrie, 5 Wend. 575; Watson v. Evans, 1 Hurl. & Colt 663. The only cases to the effect that only one party should sue, or in which one party was allowed to sue and recover, are the cases of Ellis v. McLaren, 1 Bailey 13, and Spalding v. Evans, 2 McLean (U. S.), 139.   (3)   The amendment did not change the cause of action.   Formal pleadings are not required in actions commenced in justice courts, and if it appears from the statement as amended that the thing sued for is the same thing as that set out in the original statement, the amendment is proper.   Heman v. Fanning, 33 Mo. App. 50; Newberger v. Friede, 23 Mo. App. 631; Harkness v. Julian, 53 Mo. 238; Salmon v. Leyser, 116 Mo. 51; Fruin v. Furn. Co., 20 Mo. App. 313; House v. Duncan, 50 Mo. 453; Wood v. Pine, 50 Mo. 38; Deyerle & Porter v. Hunt & Hunt, 50 Mo. App. 541.

ED. G. TAYLOR for respondent.

(1)   The same cause of action must be tried in the circuit court that was tried before the justice.   R. S. 1889, sec. 6345; Gregory v. Railroad, 20 Mo. App. 448; Sturges v. Botts, 24 Mo. App. 282.   (2)   The amendment changed the cause of action and should not have been allowed.   Thieman v. Goodnight, 17 Mo. App. 429; Faulkner v. Faulkner, 73 Mo. 327;

Deyerle v. Hunt, 50 Mo. App. 541; Scovill v. Glassner, 79 Mo. 449; Webb v. Tweedie, 30 Mo. 488; Clark v. Smith, 39 Mo. 498; Beattie v. Hill, 60 Mo. 72.    (3)    A contract, single in its nature, can never be both joint and several in respect to the promisees.    Dicey on Parties to Actions, 132; 1 Par. on Cont. (5 Ed.) 14.    (4)    "Or" can never be read "and" for the purpose of changing a contract.    17 Am. and Eng. Ency. of Law, 220.    (5)    If the contract sued on is joint, then one of the promisees could not recover alone.    1 Parsons on Contracts (7 Ed.), 13; Rainey v. Smizer, 28 Mo. 310; Bliss on Code Pl., sec. 63.    (6)    A party can not sue on one cause of action and recover on a different one.    Halpin Mfg. Co., v. School District, 54 Mo. App. 371; Gray v. Race, 51 Mo. App. 553; Globe Furn. Co. v. School District, 51 Mo. App. 549.    (7)    The trial court is not confined to the reasons specified in the motion for a new trial, nor the appellate court to reasons specified by a trial court for granting a new trial, in determining whether a new trial was properly granted.    Lovell v. Davis, 52 Mo. App. 342; Hewitt v. Steele, 118 Mo. 463.

BURGESS, J.—This case was begun before a justice of the peace in Jackson county in the name of T. W. Green, O. V. Slaughter and H. C. Brooking, plaintiffs, who recovered judgment for the sum of $58.43.    From this judgment defendant appealed to the circuit court of said county, and when the case was called for trial at the October term, 1898, of said circuit court, and on the 31st day of said month, plaintiff amended his petition by leave of court striking out the names of T. W. Green and H. C. Brooking.    Thereupon the trial of the cause was proceeded with before the court and jury, which resulted in a verdict and judgment in favor of plaintiff in the sum of $66.75.    Within four days thereafter defendant filed his motion for a new trial, assigning as grounds therefor:

1.    Because the court erred in allowing plaintiffs to amend the statement by dismissing and striking out all names of plaintiffs except Slaughter.

2.   Because the action tried in this court is not the action sued on in the justice court, and tried there.

3.   Because the contract testified to by plaintiff and on which he recovered is not the contract pleaded in the statement.

4.   Because the court erred in permitting plaintiff to introduce improper evidence against the objections of defendant.

5.   Because the court erred in giving improper instructions asked for by plaintiff, to wit, Nos. 1, 2, 3 and 4.

6.   Because the court erred in refusing to give proper instructions asked for by defendant, to wit, all of the defendant's instructions which the court refused.

7.   Because the verdict is against the evidence.

8.   Because the court erred in refusing to sustain defendant's demurrer to the evidence.

9.   Because the verdict and judgment are against the law.

10.   Because there was a fatal variance between the contract given in evidence by plaintiff and the contract pleaded by him.

The motion was sustained, and a new trial granted.

From the order and judgment of the court sustaining the motion and granting a new trial, plaintiff appealed to the Kansas City Court of Appeals, where the judgment of the circuit court granting the new trial was affirmed, but upon a motion for rehearing the cause was certified to the Supreme Court upon the ground that the opinion is in conflict with Davis v. Ritchie, 85 Mo. 501.

The facts in addition to those stated are about as follows: The statement filed with the justice alleges that the defendant by a written contract, promised to pay the plaintiffs the sum of $50, March 1, 1892, in trust, for the purpose of macadamizing what is known as the Raytown road in Jackson county, Missouri, from Leeds to Raytown.   It does not allege whether the money was to be paid severally or jointly.

On the trial in the circuit court the evidence for plaintiff tended to show that the contract was to pay Brooking, Slaughter or T. W. Green, and that the only condition therein was that the necessary funds subscribed should be equal to one-fourth the cost of macadamizing the road. The evidence also showed that the amount subscribed was one-fourth of the cost as estimated by the county surveyor in accordance with the statute under which the macadamizing was done.

Plaintiff testified that he had signed defendant's name to a subscription paper by his, defendant's consent; and that the subscription was for building a road from near Leeds to Raytown or beyond towards Lee's Summit. That Davenport made it a condition of his subscription that his money was not to be used unless the road was macadamized beyond Raytown; that he declined to sign his name to the paper, but stood by in silence when Slaughter told him they must have something to show who subscribed to the fund, and that he would write Davenport's name to the paper; that Davenport gave him (Slaughter) a check for the $50, but upon the express condition that it was not to be used unless the road went beyond Raytown; that Davenport never authorized him to sign his name to a subscription to build a road to Raytown only; that after the fund was all made up, the county court, in the fall of 1892, let the contract to build the road to Raytown only, whereupon he (Slaughter) returned Davenport's check to him, with the understanding that if the road was afterward built beyond Raytown, Davenport would pay the $50; that the subscribed fund was paid over to the county court in August or the first of September, 1892; the contract for the road was let September 29, 1892; that he never made demand on Davenport for this money until after the road was built beyond Raytown, in the summer of 1893.

The defendant testified that he never authorized his name to be signed to any subscription paper, never knew that it was so signed; that he never agreed to pay anything for a road to

Raytown, but did agree to pay $50 for a road to be built beyond Raytown and gave his check for that amount to Slaughter to be used upon that condition only; that after the fund was made up and the contract let to Raytown, Slaughter stated to him that his condition could not be complied with and returned his check.    Defendant put in evidence the contract for the road and the estimates, showing that the county court only estimated and contracted for a road to Raytown, and that the fund subscribed was more than consumed in building that road.

The first question with which we are confronted, is as to the nature of the obligation sued on, whether as to the obligees T. W. Green, H. C. Brooking and Orlando Slaughter, it is a joint or several contract.    In determining this question we are not to be governed by the terms of the contract alone but by what is the real interest of the parties.    "If the interest of the obligees is joint, it matters not that the contract in its terms is several; it is a joint contract in the enforcement of which all must join."    7 Am. and Eng. Ency. of Law (2 Ed.), 102.

The complaint alleges that defendant promised to pay plaintiffs the sum of fifty dollars in trust for the purpose of macadamizing a certain road, which the evidence shows was a public road, for the use and benefit of the public generally. The obligees are simply trustees in the contract which is joint, and there is nothing in it which authorizes them to prosecute separate suits thereon.

In Thieman v. Goodnight, 17 Mo. App. 429, there is quoted with approval the following from 1 Parsons on Contracts (7 Ed.), 13: "A contract with several persons, for the payment to them of a sum of money, is a joint contract with all, and all the payees therein have a joint interest, so that no one can sue alone for his proportion." [Bliss on Code Pleading, sec. 63; Rainey v. Smizer, 28 Mo. 310.]

So in Capen v. Barrows, 1 Gray 376, it is said: "When the legal interest in a covenant and in the cause of action

thereon is joint, the covenant is joint, although the covenant, in its terms, be several, or joint and several."

The case of Hayden v. Snell, 9 Gray 365, was a suit upon an obligation by which the obligor promised to pay Charles Hayden or his wife Anna Hayden annually during their natural lives a specific sum, and it was held that the contract was in legal effect an agreement to pay the sum named in the contract to both the persons named as promisees, and, so long as they survived the promise being to pay either an action might be maintained in their names jointly. See, also, Osgood v. Pearsons, 4 Gray 455.

Willoughby v. Willoughby, 5 N. H. 244, was a suit upon a promissory note made payable to Washington or Joseph Willoughby, and it was held to be a contract with them jointly and that neither could maintain an action upon it separately.

It follows that the cause of action alleged was on a joint contract and that the suit was properly brought in the names of the joint obligees. The amendment changed it to an action on a several contract. If the contract was several we see no reason why this might not be done, for if a party plaintiff to a suit is an unnecessary party, it is difficult to see how the dismissal of it as to him could in any way change the cause of action. But it is not so when the suit is by joint contract, and the amendment changes it to an action on a several contract, for in that case there is an entire change in the cause of action, from a joint to a several cause of action upon a joint contract which is not permissible. While it is true that by section 6347, Revised Statutes 1889, amendments on appeals from justices to the circuit courts are liberally allowed, by section 6345, it is provided "that the same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal," so that the statute is no authority for the amendment made in this case. This was the view taken by the court of appeals in an opinion presented in that court, which is in accordance with the rulings in Thieman

v. Goodnight, *supra*.    [Faulkner v. Faulkner, 73 Mo. 327 ;. Baker v. Raley, 18 Mo. App. 562; Gregory v. Railroad, 20 Mo. App. 448.]    It is, however, insisted by plaintiff that the ruling of the court of appeals is in conflict with Davis v. Ritchie, 85 Mo. 501.    That was an action commenced before a justice of the peace by William Davis and David Davis against Ritchie & Davis on what was alleged to be a joint promise by defendants to them for rent, in the sum of $100.

On appeal to the circuit court plaintiff David Davis filed . an amended statement, differing from the original only in that the name of William Davis was dropped from the complaint. Defendants filed their motion to strike out the amended complaint upon the ground that it changed the cause of action. The motion was overruled, and upon appeal to the Supreme Court it was held in a *per curiam* opinion that under section 3060, Revised Statutes 1879 (sec. 6347, R. S. 1889, *supra*), an amendment by striking out the name of a co-plaintiff does not change the original cause of action.

That it does not always do so may be conceded, but in that case as in the one at bar, our conclusion is that it did.    In the contract which formed the basis of that action the obligees. were joint promisees, one of whom could not have maintained a separate suit upon the contract.    Then to amend the complaint by omitting one of them therefrom, was to change a joint cause of action into a severable one.    Davis v. Ritchie, *supra,* is out of line with the great weight of authority and. should be overruled.

Plaintiff contends that the new trial was granted upon the grounds assigned in the first, second, third, fourth and. tenth, and as we are of opinion, for reasons already given, that no error was committed in so doing, we affirm the judgment.

GANTT, P. J., and SHERWOOD, J., concur.