PAUL CLARK, Respondent, v. F. H. ZANE et al., Appellants.

Springfield Court of Appeals, June 29, 1912.  Motion for Rehearing Denied, July 9, 1912.

1. JUSTICES' COURTS: Action on Joint Account: Failure of Proof: Changing Cause of Action on Appeal to Circuit Court. Two plaintiffs instituted a suit on a joint account in a justice's court and on appeal to the circuit court, where a trial was had, the plaintiffs, at the conclusion of their evidence, having failed to show that the account was due them jointly, dismissed as to that the plaintiff was not entitled to recover, having changed one of the plaintiffs and a judgment was obtained in favor of the remaining plaintiff on part of the account sued on. *Held*, in the circuit court the cause of action, as instituted in the justice court from a joint to a several action.

2. **ACTIONS: Joint Actions: Cannot be Amended to a Several Action.** A cause of action, under our pleading and practice, founded on a joint obligation, is entirely distinct and separate from a cause of action founded on a several obligation, and such joint obligation cannot be split up by an amendment of a petition or by dismissing one or more of the plaintiffs, or otherwise, so as to make several causes of action, or so as to give one of the alleged joint obligees the right to continue the suit as on a separate cause of action.

3. **VARIANCE: Failure of Proof.** Section 2021 and section 1846, Revised Statutes 1909, recognize a plain distinction between a variance and a failure of proof. Section 2021, as applied in cases in which the allegations in the petition or answer are unproved in their entire scope, while section 1846 has reference to any discrepancies between the issues made by the pleading and the evidence in support of them.

4. **ACTIONS: Confined to Action Sued On.** A party cannot sue on one cause of action and recover on another.

5. **JUSTICES' COURTS: Amendments: Appeal to Circuit Court: Changing Cause of Action.** Under section 7885, Revised Statutes 1909, the cause of action that was tried before the justice and no other shall be tried before the appellate court upon the appeal and under this section amendments in the circuit court on appeal are prohibited, which changes the cause of action, as instituted in the justice's court.

Appeal from Stone Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED (*with directions*).

*Shannon & Phelps* for appellants.

(1) The court erred in permitting the action to be dismissed as to H. M. Russell and a recovery to be had in favor of Paul Clark, because the statement of plaintiffs' cause of action states a joint demand in favor of both Clark and Russell, and in such case a recovery cannot be had by one plaintiff alone. 22 Ency. Pl. & Pr. 576, 585; Davis v. Association, 63 Mo. App. 477; Timber Co. v. Railroad, 180 Mo. 463. (2) It appears that there was an entire failure of proof, and the court should have directed a verdict for the

defendants. Gray v. Race, 51 Mo. App. 553; Tyler's Estate v. Giesler, 74 Mo. App. 549; Chitty v. Railroad, 148 Mo. 64; Phleger v. Weltner, 21 Mo. App. 580; Edelen v. Strong, 34 Mo. App. 287; Wesby v. Bowers, 58 Mo. App. 419; Clark v. Clark, 59 Mo. App. 532; Yall v. Gillham, 187 Mo. 408; Timber Co. v. Railroad, 180 Mo. 463.

*J. W. George* for respondent.

NIXON, P. J.—Paul Clark and H. M. Russell commenced this action before a justice of the peace of Stone county on the tenth day of May, 1911, on the following statement of their cause of action.

"Cape Fair, Mo., May 10, 1911.
"We, the undersigned, claim that F. H. Zane & Co., of Reeds Springs, Mo., justly owes us $18, for board and nailing in railroad ties during the month of March, 1911, on the James river.

PAUL CLARK,
"H. M. RUSSELL."

Plaintiffs recovered a judgment for the full amount of their claim in the justice's court, and defendants appealed. In the circuit court plaintiffs filed an amended statement of their cause of action alleging "that F. H. Zane & Company are a copartnership consisting of F. H. Zane and H. D. Baker, doing business under the firm name and style of F. H. Zane & Company," and that through their agent, Arthur Garrison, the defendants employed the plaintiffs to board the said Garrison and nail railroad ties in a raft for the purpose of having them floated down the river to their place of discharge at Branson, and that in pursuance of such employment the plaintiffs nailed in 470 ties at three cents per tie and furnished the said Garrison twenty-seven meals at twenty cents per meal. The defendants filed an answer denying under oath

the alleged partnership, and denying each and every other allegation in plaintiffs' amended statement.

Plaintiffs' evidence developed the fact that there was no joint demand in favor of the plaintiffs and against the defendants. Russell on cross-examination testified: "Q. Mr. Clark had nothing to do with nailing in the 170 ties that you are suing on? A. No, sir. Q. Mr. Clark had nothing to do with boarding Mr. Garrison? A. No, sir. Q. And you had nothing to do with nailing in what ties Mr. Clark nailed in? A. No, sir. Q. And how much are you suing for, both of you together? A. For eighteen dollars. Q. And that eighteen dollars covers all your claim against Zane & Company, of you and Mr. Clark both? A. Yes, sir. Q. That covers all your claim for nailing in 170 ties and for boarding Mr. Garrison and also all your claim that they owe for the ties that Mr. Clark nailed in also? A. Yes, sir."

At the conclusion of plaintiffs' evidence in the circuit court, the court suggested that there was some question in his mind about the two plaintiffs bringing suit jointly, and thereupon the following order was made: "At the close of plaintiffs' evidence, plaintiffs dismiss the action as to Russell and proceed as to Clark," to which objection was made and exceptions saved. The plaintiff Clark obtained judgment for the sum of nine dollars from which the defendants appealed.

A cause of action, under our pleading and practice, founded on a joint obligation is entirely distinct and separate from a cause of action founded on a several obligation; and such joint obligation cannot be split up by an amendment of the petition, or by dismissing one or more of the plaintiffs, as in this case, or otherwise, so as to make several causes of action, or so as to give one of the alleged joint obligees the right to continue the suit as on a separate cause of action. [Yore v. Yore (Mo.), 144 S. W. 847, 850.]

The record in this case discloses a variance between the pleading and proof which the plaintiffs sought to remedy by dismissing the action as to one of the plaintiffs. The statute (Sec. 1846, R. S. 1909) provides: "No variance between the allegation in the pleading and the proof shall be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits; when it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, by affidavit showing in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just." Under this statute it has been held that any variance may be cured by amendment when it does not change the cause of action. [Murdoch v. Finney, 21 Mo. 138; Bennett v. McCanse, 65 Mo. 194.]

There is, however, another statute concerning variance, namely, section 2021, Revised Statutes 1909, which is as follows: "Where the allegation of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, but a failure of proof. In case of such failure of proof, and a verdict of a jury or finding of the court against the party so failing, and the court is satisfied, from the proof given, that the party has a good cause of action or defense, the court may on motion of such party, set aside the verdict or finding, and grant a new trial, and permit the pleadings to be amended on such terms as may be just."

This section and section 1846 recognize a plain distinction between a variance and a failure of proof. Section 2021 applies in cases in which the allegations in the petition or answer are unproved in their entire scope, while section 1846 has reference to any discrepancies between the issues made by the pleadings

and evidence in support of them. [Taylor v. Railway Co., 185 Mo. 239, 84 S. W. 873.] No statute of amendments applying to issues, proof and variance will permit a party to sue on one cause of action and recover on another. [Chitty v. Railway Co., 148 Mo. 64, 74, 49 S. W. 868.]

But this case must be ruled in accordance with the law governing appeals from justices of the peace and the procedure provided by statute thereunder. The statute (Sec. 7585, R. S. 1909) is as follows: ''The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal: *Provided,* that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be made in the appellate court.'' Also section 7587, Revised Statutes 1909, which is as follows: ''In all cases of appeal, the bill of items of the account sued on or filed as a counterclaim or set-off, or the statement of the plaintiff's cause of action, or of defendant's counterclaim or set-off, or other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment. Such amendment shall be allowed upon such terms as to costs as the court may deem just and proper.''

The terms of these statutes make it plain that in the circuit court in such cases amendments are prohibited which change the cause of action. In the case of Slaughter v. Davenport, 151 Mo. 26, 51 S. W. 471, a complaint filed before a justice of the peace alleged that defendant promised to pay plaintiffs (Slaughter, Green and Brooking) the sum of fifty dollars for macadamizing a public road. The real contract, which

was in writing, was a promise to pay Slaughter, Green *or* Brooking said sum, in trust for the purpose of macadamizing a public road for the use and benefit of the public. The plaintiffs recovered judgment in the justice's court. In the circuit court, the petition was amended by leave of court by striking out the names of Green and Brooking. The trial of the case was proceeded with and resulted in a verdict and judgment in favor of plaintiff (Slanghter) in the sum of $66.75. The Supreme Court held that the contract *as alleged* was joint, and that the suit must be maintained in the name of all the promisees, and that as the amendment changed it to an action on a several contract, the action of the trial court was erroneous, overruling Davis v. Ritchie, 85 Mo. 501. [See, also, Reifschneider v. Beck, 148 Mo. App. 725, 129 S. W. 232.]

On the principles set forth in these statutes and opinions, the amended statement in this case will not support a judgment in favor of the plaintiff Paul Clark, and the motion of the defendants to arrest the judgment on that account should have been sustained by the trial court. It is therefore ordered that the judgment be reversed and the cause be remanded with directions to the circuit court to dismiss the same at the cost of the plaintiff. All concur.