CAM JOHNSON ET AL., RESPONDENTS, v. L. L. CHAPMAN, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed June 9, 1927.

1.—**Dismissal and Nonsuit—Replevin Action.** Where dismissal was taken as to one of two plaintiffs in replevin action during trial, the court could not adjudge that such plaintiff was owner of part of property sought to be replevied, since he could not be party after dismissal.

2.—**Action—Joinder—Replevin—Plaintiffs Could Not Join in Action.** Where plaintiffs separately sold mules sought to be replevied, taking separate mortgages thereon, without any interest in each other's mule, plaintiff's claim of title to mules were wholly independent, and they could not join in replevin action under section 1155, Revised Statutes 1919, requiring every action to be prosecuted in name of real party in interest.

3.—**Justices of the Peace—Appeals—Joint and Several Actions—Dismissal—Replevin—Cause of Action Changed by Dismissal of One Plaintiff.** Where replevin action was commenced in justice court as joint cause in favor of two plaintiffs, dismissal as to one plaintiff at trial in circuit court on appeal changed cause of action from joint to several cause, in violation of section 2908, Revised Statutes 1919, requiring same cause of action tried before justice to be tried before appellate court, and suit should be dismissed, under section 3120, Revised Statutes 1919, the same as if dismissal was required for want of jurisdiction.

---

*Corpus Juris-Cyc. References: Dismissal and Nonsuit, 18CJ, p. 1170, n. 23; Justices of the Peace, 35CJ, p. 822, n. 54; Replevin, 34Cyc, p. 1424, n. 71.

Appeal from the Circuit Court of New Madrid County.—Hon. Henry C. Riley, Judge.

REVERSED AND REMANDED (*with directions*).

*Sharp & Baynes* for appellant.

(1) Actions should be prosecuted in the name of the real party in interest. This was not done in the instant case. R. S. 1919, sec. 1155. (2) The judgment of the police court of city of Lilbourn, recites proper notice was given, and due proof made that the stock were legally impounded and fully described the stock. This judgment is complete. A judgment does not have to recite the steps necessary for its proper enforcement. 33 C. J., page 1211, sec. 149; 34 C. J., page 737, sec. 1139; Houck v. Cross, 67 Mo. 151, 155; 34 C. J., page 738. (3) A court may correct its records at any time to correct clerical errors, mistakes, or inadvertances and supply omissions of the record. 15 Ruling Case Law, page 679, sec. 130. (4) There is a distinction between the rendition of a judgment by a court and its entry of record by the clerk. 15 Ruling Case Law, page 578, sec. 11, also page 580. And this applies even when the court and the clerk are one and the same person. 15 Ruling Case Law, page 680, sec. 130. (5) The proceedings in the police court being in all respects full, regular and complete, the facts being undisputed, the court should have entered a judgment in favor of the defendant. (6) The courts have uniformly upheld the right of a city to pass an ordinance such as was passed in this case and if stock is properly impounded thereunder and sold the purchaser gets a good title. R. S. 1919, sec. 8472; McVey v. Barker, 92 Mo. App. 498; Ferry v. Sawyer, 198 Mo. App. 30. (7) The court was bound to take judicial notice that Lilbourn was a city of the fourth class. It did this. Savannah v. Dickey, 33 Mo. App. 522. (8) The court allowed a change to be made in the parties plaintiff which was error. The statute says that the "same cause of action and no other that was tried before the justice shall be tried before the appellate court on appeal." R. S. 1919, sec. 2908; Althemmer v. Teuscher, 47 Mo. App. 284; Bushnell v. Railroad, 126 Mo. App. 68-69. Even had the case been commenced in the circuit court the change in parties plaintiff should not have been allowed. The "statement and affidavit" charges a "joint ownership" and the proof must show that kind of ownership or the judgment cannot stand. Cole v. Armour, 154 Mo. 351; Chitty v. Railroad, 148 Mo. 74-75; Yall v. Gillham, 187 Mo. 393, 408. (9) There was a fatal variance between the "statement and affidavit" and the proof. The statement alleged a joint ownership and the proof showed one plaintiff owned one mortgage, and the other plaintiff owned the other, by reason of which one plaintiff claimed one mule, and the other plaintiff the other. Faulkner v. Faulkner, 73 Mo. 327, 335; Cook v. Salisbury, 225 S. W. 113; Whitlock v. Beach, 174 Mo. App. 428; Welch v. Fraternal & Union, 214 Mo. App. 443, 253 S. W. 187-193; Yore v. Yore, 240 Mo. 451-462; Merryman v. Buddeske, 243 Mo. 205, 216.

*Gallivan & Finch* for respondent.

(1) The power to impound and sell domestic animals must be granted to the corporation and the authority given by the ordinance of the city, and proceedings to sell the property are penal in their nature and must be strictly complied with. 1 Dillon's Municipal Corporations, p. 176; Jeans v. Morrison, 99 Mo. App. 208. (2) Marshal's order to sell must be in police judge's decree.

BRADLEY, J.—This cause is in replevin to recover possession of two mules. The cause was commenced in a justice of the peace court, and, after judgment there, was appealed to the circuit court. In the circuit court the cause was tried before the court without a jury and the finding and judgment went for plaintiffs and defendant appealed.

The mules involved were impounded in the city of Lilbourn in New Madrid county because they were found running at large in said city contrary to ordinance. Under the proceedings had in said city relative to the impounding, the mules were sold at public sale to B. F. Brewington, the police judge of the city. Brewington sold the mules to defendant.

One mule was a black horse mule, the other was a black mare mule. J. B. Fisher, subject to mortgages hereinafter mentioned, owned the mules when they were impounded. Fisher purchased the mare mule from plaintiff Johnson and the horse mule from plaintiff DeLisle, and gave to Johnson a mortgage on the mare mule to secure the purchase price, and gave to DeLisle a mortgage on the horse mule to secure the purchase. Plaintiffs claim the right of possession by virtue of these mortgages.

Several assignments are made, but we deem it unnecessary to consider all. One assignment is that there was a fatal variance between the cause alleged and the proof. DeLisle's mortgage on the horse mule was given December 6, 1922. It does not appear when Johnson's mortgage was given, but it does appear that the sale of the mare mule by plaintiff Johnson to Fisher, and the sale of the horse mule by plaintiff DeLisle to Fisher had no connection with each other. Plaintiff Johnson was not a witness, but plaintiff DeLisle was, and he testified that he had no interest in the Johnson mortgage, and that Johnson had no interest in his (DeLisle's) mortgage. This developed after the trial started and counsel for plaintiffs stated that it was desired to dismiss as to plaintiff Johnson, and the court stated that "the record may show you dismiss as to Johnson." Notwithstanding this the judgment rendered was for both plaintiffs, adjudging them to be the owners of the mules, and adjudging the costs against defendant and the sureties on his appeal bond, and in favor of both

plaintiffs, naming each of them. Thus it appears that no dismissal as to Johnson was made. Counsel for defendant in their brief complain because "the court allowed a change in the parties plaintiff." If dismissal was made as to Johnson then the court could not have adjudged that he was one of the owners of the mules, because he could not be a party after dismissal as to him.

This cause cannot be maintained by these plaintiffs. They have no common interest whatever in the mules replevined. The statute requires, with an exception not applicable here, that every action shall be prosecuted in the name of the real party in interest. [Sec. 1155, R. S. 1919.] Plaintiffs' claims of title were wholly independent of each other and in no manner common or joint and they could not join in this cause. [Faulkner v. Faulkner, 73 Mo. 327; Welch v. Fraternal Aid Union, 214 Mo. App. 443, 1. c. 460, 253 S. W. 187; Yore v. Yore, 240 Mo. 451, 144 S. W. 847.]

Another point similar in nature is that if dismissal as to Johnson was in fact made the result would be a change of the cause of action from that commenced in the justice of the peace court. The cause commenced in the justice court was a joint cause in favor of both Johnson and DeLisle. The statement alleges that "They are entitled to the possession" of the mules. If it be conceded that dismissal was in fact made as to Johnson the situation is not improved. Section 2908, Revised Statutes 1919, requires that "the cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon appeal, provided, that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be made in the appellate court."

Slaughter v. Davenport, 151 Mo. 26, 51 S. W. 471, was commenced in a justice of the peace court. The complaint named T. W. Green, O. V. Slaughter and H. C. Brooking as plaintiffs alleged and that defendant Davenport promised to pay plaintiffs $50 for macadamizing a road. It developed in the course of the trial in the circuit court that the contract upon which plaintiffs based their cause obligated the defendant to pay Brooking, Slaughter or Green. An amendment was allowed in the circuit court dismissing as to Green and Brooking. The trial then proceeded resulting in a judgment in favor of Slaughter. It was held that the action alleged in the statement was one upon a joint obligation and that the amendment changed the cause of action to one upon a several obligation, and the action of the trial court was held to be error. [See, also, Clark v. Zane et al., 165 Mo. App. 505, 148 S. W. 967; and Shern v. Sims, 258 S. W. (Mo. App.) 1029, 1. c. 1031, and cases there cited.]

The holding in the Slaughter case and Clark case was made notwithstanding the proviso of section 2908. It is clear, therefor, that the alleged dismissal as to Johnson, conceding that was done, changed

the cause of action from a joint cause as commenced in the justice court to a several cause which is prohibited by the statute as it has been construed.

We are asked to rule upon the validity of the proceedings under the ordinances of the city of Lilbourn respecting the impounding and sale of the mules, but in the situation obtaining such is not necessary to a disposition of this cause, and we shall not go into the question of the validity of the impounding proceedings. This is a replevin suit and because of the peculiar situation obtaining we think that its disposition should be determined by section 3120, Revised Statutes 1919, the same as if dismissal was required for want of jurisdiction. The judgment should, therefore, be reversed and the cause remanded with directions to dismiss plaintiff's so-called cause of action, and it is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.