CHRISTINE E. PETERS, JOSEPHINE J. WEBB and LAURA MacIVOR v. NELLIE F. McDONOUGH, Appellant.—37 S. W. (2d) 530.

Division One, March 31, 1931.

*Igoe, Carroll, Higgs & Keefe* for appellant.

*Albert E. Hausman* for respondents.

ATWOOD, J.—This case comes to the writer on reassignment after second hearing. · It is an appeal by defendant from a judgment against her for $9,784.24 in an action for money had and received. The case was tried on the second count of plaintiffs' amended petition, which is as follows:

"For their second cause of action plaintiffs state that Christine E. Peters is now and at all times herein mentioned was the wife of Christian Peters; that Laura MacIvor is now and at all times herein mentioned was the wife of Walter I. MacIvor; that Josephine J. Webb is now and at all times herein mentioned was the wife of Walter Webb; that Mathilda O. Holcomb was until the 8th day of February, 1915, the wife of John R. Holcomb.

"That from January, 1908, and thereafter, to December 24, 1911, the defendant did have and receive from one Mary A. Peters for and on account of plaintiffs the sum of $7,714.28, which sum she has held since for the use and benefit of plaintiffs.

"That on the 22nd day of July, 1924, the plaintiffs did demand payment of said sum, but defendant has failed and refused to pay said sum or any part thereof and still fails and refuses to pay said sum; wherefore plaintiffs pray judgment against defendant for the sum of $7,714.28 with interest thereon at the rate of 6 per cent per annum since 1911 together with their costs."

Before the issues were finally made defendant filed motion to dismiss the cause as to plaintiff Mathilda O. Holcomb, which motion was sustained. Defendant went to trial upon her amended answer which consisted of a general denial, coupled with pleas of the five-year and ten-year Statutes of Limitation barring maintenance of the action. The reply was a general denial.

The evidence showed that Louis F. Peters died June 22, 1909, leaving his widow, Mary A. Peters, and his daughters, Christine E. Peters, Josephine J. Webb, Laura MacIvor, Mathilda O. Holcomb, Goldie Schott and Nellie F. Peters, as his sole surviving heirs at law, all of whom as far as this record shows are still living, but only five of whom were ever made parties to this action. His estate was administered in the Probate Court of the City of St. Louis, and the administrator was discharged on December 22, 1911, without leaving any unpaid allowed demands against the estate. For a year or more prior to his death Louis F. Peters was physically

and mentally incapacitated and was cared for by his wife Mary A. Peters and their daughter Nellie F. Peters (now Nellie F. Mc-Donough, defendant-appellant herein), who lived with him in the family home, the other five daughters having married and moved away. On January 24, 1908, Mary A. Peters deposited in her own name with the Mississippi Valley Trust Company negotiable bonds and other securities to the amount of $164,700. On the same day she deposited in the Trust Company, in the name of her daughter, Nellie F. Peters, negotiable bonds in the amount of $700. Mary A. Peters subsequently deposited other negotiable securities in her own name with said company. On January 27, 1909, she also gave the said Nellie F. Peters additional bonds to amount of $20,000, which were transferred by said Trust Company from the account of Mary A. Peters to the account of Nellie F. Peters. In October, 1911, these bonds were turned in by the said Nellie F. Peters in a distribution of property pursuant to a written agreement of settlement between Mary A. Peters and her six daughters, but in the meantime Nellie F. Peters had realized from interest coupons on these bonds the sum of $2,147, which amount was not distributed in said settlement and is still retained by appellant. On July 20, 1909, about a month after the death of Louis F. Peters, his widow, Mary A. Peters, deposited the sum of $10,000 in the Mercantile Trust Company in St. Louis to the joint account of herself and daughter, Nellie F. Peters, at the same time executing and delivering to her said daughter a written statement to the effect that she had given her the sum of $10,000 absolutely and without limitation or reservation and out of love and affection for her. Subsequently, on March 28, 1910, the $10,000 thus deposited was withdrawn by the said Nellie F. Peters, but not distributed in the aforesaid settlement and is still retained by her. Indeed, it does not appear that any of the heirs, except defendant and her mother, were aware of the fact that defendant was in possession of these sums of $10,000 and $2,147 at the time this settlement was made.

The case was tried without a jury, and the contention of plaintiffs, as manifested by the evidence at the trial, was that neither the bonds given to Nellie F. Peters by her mother in January, 1909, and prior thereto, nor the $10,000 given to her in July, 1909, ever belonged to the mother, Mary A. Peters, but in fact belonged to the father, Louis F. Peters, and that plaintiffs (being three of the seven heirs of the said Louis F. Peters) were entitled to recover in this suit three-sevenths of $12,147 (the total amount said to have been so received and retained by defendant) with interest. The judgment awarded this three-sevenths to plaintiffs jointly.

Among the errors complained of in defendant's motion for a new trial and urged in this appeal is the trial court's action in

overruling defendant's demurrer to the evidence interposed at the close of plaintiffs' case and again at the close of the whole case. It is appellant's contention under this head that plaintiffs' petition stated a joint cause of action and, that the proof, if sufficient to establish any cause of action, showed a several or distinct and different cause of action, and that there was a complete failure of proof as to the cause of action pleaded.

Plaintiffs' declaration is in general assumpsit. Hence, whether by fiction of law or in fact, it rests upon contract. No objection having been made that it was not special in form it could be supported by proof of either an express or an implied contract. [2 R. C. L. 762, note 11 and cases cited.] A contract may be joint in form and several in fact, or vice-versa. The subject-matter generally pleaded in this case was an alleged indebtedness of defendant to plaintiffs of $7,714.28, for which amount they jointly prayed judgment. Plaintiffs' petition thus stated a joint cause of action and that kind of a judgment was rendered. But, plaintiffs' evidence tended to prove an indebtedness of $12,147 from defendant to the seven heirs of Louis F. Peters, deceased, of which she was one. If the interest of these seven heirs in this sum was joint then the cause of action which plaintiffs' evidence tended to prove was different from the cause of action pleaded, because it was one in which seven parties were jointly interested in $12,147, while the cause of action originally pleaded was one in which four parties were alleged to have been jointly interested in $7,714,28 and as finally submitted it was in fact one in which three parties were alleged to have been jointly interested in a correspondingly smaller sum. Moreover, where several parties are jointly interested in an indebtedness all must be parties in an action to recover thereon. [Welles v. Gaty et al., 9 Mo. 566, 570; Lane v. Dobyns, 11 Mo. 106; Clark v. Cable, 21 Mo. 223, 225; Dewey v. Carey, 60 Mo. 224; McConnell v. Brayner, 63 Mo. 461, 463; Ryan v. Riddle, 78 Mo. 521, 522; Seay v. Sanders, 88 Mo. App. 478, 487; Lumerate v. Railroad, 149 Mo. App. 47, 52; Ann. Cas. 1913D, p. 238.] And, the non-joinder of necessary parties to the cause of action which plaintiffs' evidence tended to prove not appearing on the face of the petition, defendant was not required to divine plaintiffs' purpose or proof by demurrer to the petition or answer, but could take advantage of the non-joinder by demurrer to the evidence, the action being *ex contractu* and not *ex delicto*. [Yore v. Yore, 240 Mo. 451, 462, 144 S. W. 847; Slaughter v. Davenport, 151 Mo. 26, 32, 51 S. W. 471; McLaran v. Wilhelm, 50 Mo. App. 658, 661; Butler v. Boynton, 117 Mo. App. 462, 465, 94 S. W. 723, 724; Frumberg v. Haderlein, 167 Mo. App. 717, 721, 151 S. W. 160; 20 R. C. L. 701, 702, secs. 40, 41; Andrew's Stephen's Pleading (2 Ed.) sec. 33.] If, on the

494

other hand, the cause of action which plaintiffs' evidence tended to prove, was several and not joint then the cause of action pleaded would fail for want of proof. [Park v. Park (Mo. Sup.), 259 S. W. 417, 420; Slaughter v. Davenport, 151 Mo. 26, 32, 51 S. W. 471; Nave v. Dieckman (Mo. App.), 208 S. W. 273, 274; Clark v. Zane, 165 Mo. App. 505, 508, 510, 148 S. W. 967.] So, whether the cause of action proved was joint or several there was an absolute failure of proof as far as the cause of action pleaded is concerned.

Confronted with the above situation respondents say that the reasons urged for reversal are purely technical not affecting the merits of the action, and that Section 1513, Revised Statutes 1919, forbids reversal on appeal unless the appellate court shall believe that error was committed by the trial court against the appellant or plaintiff in error, and materially affecting the merits of the action. However, the situation presented by the evidence is not a mere matter of error, or a variance between pleading and proof contemplated by Section 1272, Revised Statutes 1919, or a failure of proof "in some particular or particulars only." It is a case where the cause of action alleged fails for want of proof "in its entire scope and meaning," such as is contemplated by Section 1452, Revised Statutes 1919, but the remedy therein provided has no application to the record here presented.

Respondents next say that the case was tried upon the theory that the cause of action pleaded was several, and that defendant having adopted that theory in the trial court cannot adopt a different theory here. Illustrative of this contention respondents say that by filing her motion to dismiss the cause as to Mathilda O. Holcomb, upon the ground that the cause of action in so far as she was concerned was barred by limitation because she had been divorced more than five years prior to the bringing the suit, defendant distinctly adopted the theory that plaintiffs pleaded a several cause of action, for (they say) had a joint cause of action been pleaded the bar would have extended to all parties or to none. If defendant had this theory in mind she would doubtless have asked full relief in the motion, but she did not. We find nothing in the record to indicate that defendant tried the cause on a different theory from that presented on this appeal.

Respondents further say that the judgment should not be disturbed because defendant did not file a motion to make plaintiffs' petition more definite and certain, or object on the specific ground that they had pleaded one cause of action and proved another, and that she could not have been misled. For reasons already stated these excuses can be of no avail. Nor is this a case where defendant has lain in ambush

until her appearance in this court "before disclosing her real position in the case." She interposed timely demurrers to the evidence and plaintiffs must be deemed to have known whether or not the evidence made a case under the pleadings.

Counsel for appellant urge other points which we deem it unnecessary to rule on this appeal. For the reasons above stated the judgment is reversed. All concur.