STATE OF MISSOURI at the relation of WM. P. ELMER, Relator, v. W. C. HUGHES, WILLIAM D. BECKER, EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—146 S. W. (2d) 889.

Court en Banc, February 1, 1941.

*Wm. P. Elmer, Elmer January* and *J. Dean Leffler* for relator.

238

*Edgar & Banta, Parke M. Banta* and *John R. Johnson* for respondents.

·TIPTON, J.—Certiorari to the judges of ·the St. Louis Court of Appeals, bringing up the record in the case of Elmer, respondent, v. Copeland et al., appellants, reported in 141 S. W. (2d)· 160, wherein that court reversed the judgment of the trial court which had awarded relator damages in the sum of $1,918 for a breach of a written contract for attorneys' fees.

The essential facts found in the opinion of the respondents are as follows: The relator and John H. Chitwood, both attorneys at law, entered into a joint written contract with Mrs. Emily S. Copeland individually and also in her capacity as guardian and curator of the estate of Fred O. Copeland, her insane husband, to collect certain sums due her on an insurance policy issued by the New York Life Insurance Company to Fred O. Copeland. After these attorneys had undertaken to collect this money· due on the insurance policy, they were discharged. They afterwards learned that Mrs. Copeland had settled with, the· insurance company.

"This suit on the contract of employment followed, wherein Wm. P.· Elmer is the plaintiff and Emily S. Copeland, guardian and curator of Fred O. Copeland and Emily S. Copeland and John H. Chitwood are defendants, it being alleged in the petition that John H. Chitwood was a party to said contract and should be joined as a plaintiff, but that the consent of the said John H. Chitwood to be joined as a plaintiff cannot be obtained, and that he is a party in interest under this contract and ·a necessary ·party to the full and complete determination of this cause of action, and that the plaintiff herein makes the said John H. Chitwood a defendant. Chitwood filed an answer admitting that he signed the contract herein sued

on, but disclaims any interest under said contract, and prays to be dismissed with his costs.''

In the trial before the respondents, the defendant, Emily S. Copeland, contended that her demurrer to the evidence should have been sustained for the reason that the evidence showed the contract sued on to be a joint contract between the relator and John H. Chitwood, and that the relator, being one of two joint obligees, cannot maintain action thereon.

In ruling the question, the respondents said:

''In the light of the pleadings and the evidence there can be no question but that plaintiff and Chitwood were joint obligees in the contract sued on. The petition so alleges, and plaintiff's testimony was that Chitwood is interested in the contract, but he says that is his and Chitwood's business and no concern of Mrs. Copeland's.

''It is provided by Section 2953, R. S. 1929, Mo. Stat. Ann., sec. 2953, p. 1820, that all contracts which, by the common law, are joint only, shall be construed to be joint and several. Under this Section any one of the obligors in a contract may be sued separately by the other party to the contract, but this Section has never been construed as changing the common law rule which required both or all of the obligees to join in a suit wherein there was a joint obligation to them under the contract.''

The relator contends that this ruling of the respondents conflicts with our rulings in the following cases: Albers Commission Co. v. Spencer, 236 Mo. 608, 139 S. W. 321; McNear v. Williamson et al., 166 Mo. 358, 66 S. W. 160; State ex rel. Jackson v. Bradley, 193 Mo. 33, 91 S. W. 483; and Priest v. Oehler, 328 Mo. 590, 41 S. W. (2d) 783. These cases involved either joint and several or several contracts, and, therefore, do not conflict with the respondents' ruling on this point.

On the other hand, the respondents have followed our rulings in the following cases: Clark v. Cable, 21 Mo. 223; Rainey v. Smizer & Grimm, 28 Mo. 310; Henry v. Mount Pleasant Township, 70 Mo. 500; Ryan v. Riddle, 78 Mo. 521; Slaughter v. Davenport, 151 Mo. 26, 51 S. W. 471; and Peters v. McDonough, 327 Mo. 487, 37 S. W. (2d) 530. These cases all hold that a suit on a joint contract must be maintained in the names of all the promisees; otherwise, there is no cause of action.

Relator contended before respondents that this question could not be raised on a demurrer to the evidence but could only be raised by a demurrer to the petition, or by answer, and since defendant did not raise the question either by demurrer to the petition or answer, it was waived.

In ruling this point, the respondents said:

''Plaintiff cites many cases to the effect that a defect of parties plaintiff is waived by failure to demur to the petition or raise the

question by answer. And such is the law in cases where that rule is applicable. However, that rule has been limited to those cases where the defect of parties is not such as to preclude plaintiff's right to maintain the suit at all. In other words, if it appears from the face of the petition that the petition, either as it stands or by amendment, cannot be made to state facts sufficient to constitute a cause of action, then the question may be raised at any stage of the proceedings and is not waived by failure to demur to the petition or raise the question in the answer.''

''The difficulty with plaintiff's position in this case is that it fails to show a right of action in plaintiff, and therefore does not state facts sufficient to constitute a cause of action, and hence was not waived by virtue of defending failing to comply with the provisions of Section 770, supra. It is elementary that a complaint good in law must not only state a complete cause of action against the defendant, but it must also show a right of action in the plaintiff.''

''In this case plaintiff cannot escape the effect of his petition which pleads specifically that he is a joint obligee with Chitwood in the contract and that Chitwood is not joined as a party plaintiff and cannot be because of his refusal. It is, therefore, apparent from the petition that plaintiff does not state facts sufficient to constitute a cause of action on the contract, and cannot do so by amendment or otherwise.''

The relator contends that this ruling conflicts with our rulings in numerous cases. The case of Hamner v. Edmonds, 327 Mo. 281, 36 S. W. (2d) 929, is typical of the cases relied upon by him. It holds, as do all others cited by him, that defect or misjoinder of parties must be raised by demurrer to the petition or by answer; otherwise, the point is waived.

The respondents recognized this general rule in their opinion but held that it did not apply because the petition failed to show a right of action in the relator.

We do not think the opinion of respondents conflicts with any of the rulings of this court, but that it follows our opinions in the cases of Clark v. Cable, supra, Ryan v. Riddle, supra, and Slaughter v. Davenport, supra.

Since this is a certiorari proceeding, our review is limited to determining if the opinion of respondents conflicts with our latest controlling decision on the question. If there is conflict, it is our duty to quash the record of respondents, but if there is no conflict we must quash our writ.

However, if this question were here on appeal we feel it would be our duty to examine it anew, in view of Section 2953, Revised Statutes of Missouri, 1929, which reads:

''All contracts which, by the common law, are joint only, shall be construed to be joint and several.''

In the case of Ryan v. Riddle, supra, there was an able dissent, in which it was stated that the cases of Clark v. Cable, supra, and Rainey v. Smizer et al., supra, should be overruled.

Judge LAMM, in the case of Albers Commission Co. v. Spencer, 236 Mo. 608, l. c. 643, 139 S. W. 321, said:

"Under the Ryan case they could not be made codefendants, a release by one ends liability, and a wrong would be inflicted, by means of a bond exacted by the very law itself, which, on such theory, could not be remedied by the law—an abhorrent result."

We realize the above quotation in Judge LAMM's opinion is dictum because the court held that the obligations in the bond in question were several and not joint. We also recognize that what we have just said is dictum, because it is not essential to a determination of the question in this certiorari proceeding. However, we agree with Judge LAMM that such a rule of law results in "an abhorrent result."

It follows from what we have said that our writ heretofore issued should be quashed. It is so ordered. All concur.