MARGARET ALLEN BARNETT v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION.—194 S. W. (2d) 317.

Kansas City Court of Appeals.   April 1, 1946.

*F. H. Richart* for appellant.

*Henry I. Eager, Kenneth E. Midgley* and *Michaels, Blackmar, Newkirk, Eager & Swanson* for respondent.

SPERRY, C.—Plaintiff, Margaret Allen Barnett (Margaret R. Allen before her marriage), sued defendant The Prudential Insurance

Company of America, for disability benefits claimed to have accrued to her under the provisions of a life insurance policy which also provided coverage for permanent total disability. Defendant's motion to dismiss was sustained. Plaintiff appeals.

Plaintiff pleaded that she became totally and permanently disabled, within the provisions of the policy, while said policy was in full force and effect, and that such condition continued until the filing of the petition. She pleaded the policy and attached same as an exhibit.

It is recited in the policy that it and the application constitute the entire contract. In the application it appears that plaintiff is the *insured*, having signed same as such; and that L. A. D. Secretarial School, a partnership, is the applicant. The following appears therein:

". . . 13. To whom is this insurance to be payable at your death? (Full name) (Please print). L. A. D. Secretarial School, a partnership, is the applicant. The following appears therein: Allen.

"21a. Is beneficiary to have all dividends, benefits and advantages to be had or derived from this policy? Yes.

"25. Do you wish the privilege of changing the beneficiary? Answer yes or no. (Answer no if question 21a is answered Yes). No.

"Full signature of the person whose life is to be insured:
"Margaret R. Allen.
"Full signature of applicant:
"Ludie S. Davis, Sec'y. and
"Counsel-L. A. D. Secretarial School."

The policy provided for a death benefit of $5,000 and a like sum in addition for accidental death. Immediately thereafter appears the following:

"PAYABLE TO the Beneficiary or Beneficiaries designated on rider form #1780, attached to this Policy, and in the manner provided.

"If there be no Beneficiary living at the death of the Insured the amount of insurance payable shall be paid to the executors, administrators or assigns of the Insured, unless otherwise provided in the Policy. The right to change the Beneficiary has not been reserved by the Insured.

"TOTAL AND PERMANENT DISABILITY BENEFITS.

"MONTHLY INCOME TEN DOLLARS PER MONTH FOR EACH $1000 of The Face Amount of Insurance, payable at the Home Office of The Company to the Insured in event of total and permanent disability before age 60, subject to the provisions as to Total and Permanent Disability contained in the Policy. "WAIVER OF PREMIUMS in event of Total and Permanent Disability as hereinafter provided."

To the policy, at the time it was issued and became effective, were attached two riders, as follows:

"Rider Form Attached to and Made a Part of Policy No. *6382648*
"LIFE of *Margaret R. Allen*

"BENEFICIARY PROVISION-MANNER OF PAYMENT

"If this Policy shall become a claim by the death of the Insured the amount of insurance then payable in accordance with the terms of the Policy shall be payable as follows:

"To Edna M. Landes, Ludie S. Davis and Margaret R. Allen, partners doing business under the firm name of L .A. D. Secretarial School of Kansas City, Missouri, Beneficiary, or in the case of dissolution of said partnership to the surviving or·liquidating partner or partners, or the assigns of said partnership.

"The Prudential Insurance Company of America,
"By                                W. H. Miller,
                                Assistant Actuary.

"Newark, N. J. October 27, 1928.

"ORD-1780-Rev. 11-23 3-5-28."

"Rider Form Attached to and Made a Part of Policy No. *6382648*
"LIFE of Margaret R. Allen

"EXTENSION OF BENEFICIARY'S RIGHTS

"It is specially agreed that all dividends, benefits and advantages to be had or derived from this Policy shall belong to the Beneficiary hereunder and not to the Insured, and if at the death of the Insured there be no Beneficiary existing to the surviving partner or partners of the Beneficiary and not to the executors, administrators or assigns of the Insured, any other provision of the Policy to the contrary notwithstanding.

"The Prudential Insurance Company of America,
"By Willard I. Hamilton, Secretary.

"Newark, N. J., October 27, 1928.

"Attest A. Sullivan.

"ORD 11067 1-6-27 FIRM"

In its motion to dismiss defendant stated the following reasons:

"1. That plaintiff does not have legal capacity to sue upon the cause or causes of action attempted to be alleged.

"2. That the said second amended petition fails to state a claim upon which relief can be granted to plaintiff.

"3. That several claims have been improperly united in said cause."

It appears on the face of the pleadings (the policy being an exhibit and therefore forming a part thereof, Section 847.44 R. S. Mo. Ann.) that the contract sued on was between defendant and L.A.D. Secretarial School, a partnership consisting of Edna M. Landes, Ludie S. Davis, and plaintiff. The riders, which form a part of the policy and of the contract, specifically exclude plaintiff, insured, individually,

from *all* benefits thereunder. It is true, as plaintiff contends, that she has an interest as a partner; but she cannot sue, as an individual, on a partnership claim. [Windisch et al. v. Farrow et al., 159 S. W. (2d) 392, 1. c. 394; Massman Construction Company v. Shain, 130 S. W. (2d) 491, 1. c. 496, 497.] She does not have legal capacity to maintain this suit under the pleadings.

Under the provisions of the contract plaintiff could make no claim individually, but only as a surviving or liquidating partner, or as an assignee of the partnership. She did not so sue. She did not join the other members of the partnership, nor did she account for her failure to do so, although the pleadings show their interest. Under the provisions of Section 847.15, Revised Statutes Missouri Annotated (Section 11 of the Code of Civil Procedure) ''persons having a joint interest shall be made parties,'' either plaintiff or defendant.

Plaintiff contends that, under Section 17 of the Code, (Mo. R. S. Ann. Section 847.11) misjoinder of parties is not ground for dismissal. However, in this case there is a non-joinder, in violation of Section 11, above referred to. Under Section 847.61, Missouri Revised Statutes Annotated it is provided that, under conditions here existing, the proper method of reaching the point is by motion.

Plaintiff contends that, since she is the insured and signed the application as such, she is a contracting party and that L.A.D. Secretarial School is merely the party for whose benefit the contract was made. The policy and application refute this contention. The school was the applicant and, in response to its application, defendant issued its policy to *the applicant* on the life of plaintiff. Plaintiff's contention, referred to in this paragraph, amounts to a concession that the school, or partnership, is the beneficiary; and we hold that it is the beneficiary.

Plaintiff contends to the effect that what we have heretofore said does not apply to disability benefits, even if it does apply to death benefits. What is recited in rider form ORD 11067, *supra,* applies to all benefits, including disability benefits, to be derived from the policy.

She urges that the language of the last mentioned rider conflicts with the language used in the paragraph of the policy devoted to disability benefits, thus creating such an ambiguity as should be construed and resolved in favor of plaintiff under the well known doctrine announced in Scotten v. Metropolitan Life Insurance Company, 336 Mo. 724, 1. c. 730, 81 S. W. (2d) 313, 1. c. 315. A conflict exists as between the language of the rider and of the disability paragraph; but the language of the rider controls. [Wagner Electric Corp v. Ocean Accident & Guaranty Corp., Ltd., of London, England, 36 F. (2d) 186; Givens v. Aetna Life, 59 S. W. (2d) 761, 1. c. 763.] The rider specifically modifies certain provisions of the policy, and was so specifically designed and attached in order that the policy would be what the applicant, in its application, had stated that it

wanted. Plaintiff signed the application, as the person whose life was to be insured, and is bound thereby.

In view of what we have said it is unnecessary to consider other points relied on by respondent.

The judgment should be affirmed. *Boyer, C.*, concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.