Jacob M. WITTELS and Malcolm Wittels (Plaintiffs), Appellants,

v.

Harold DUBINSKY and Melvin Dubinsky, doing business as Jack Dubinsky & Sons (Defendants), Respondents.

No. 30610.

St. Louis Court of Appeals.

Missouri.

Feb. 27, 1961.

Norman London and Burton Greenberg, St. Louis, for appellants.

Jerome F. Duggan, Sidney W. Horwitz, and Dubinsky & Duggan, St. Louis, for respondents.

WOLFE, Judge.

This action was brought by Jacob M. Wittels, and Malcolm Wittels was later joined as an additional party plaintiff by leave of court. The plaintiffs sought by the action to recover $5,000 from the defendants by reason of an alleged agreement by the defendants to pay that sum for a half interest in a joint venture in which all of the parties were alleged to have been engaged. The trial was to a jury, which found for the plaintiff in the sum sued for. The court sustained the defendants' motion for a new trial, and the plaintiffs appealed, seeking to have the verdict and judgment reinstated.

The facts of the case, in so far as it is necessary to state them for a determination of this appeal, are that Jacob M. Wittels and his partners entered into an agreement with Harold Dubinsky and Melvin Dubinsky, who did business as partners under the name of Jack Dubinsky & Sons. The agreement was that together they would attend an auction of a building being sold by a special commissioner on the Court House steps in the City of St. Louis, and that they would buy the building together,

with each group paying half of the purchase price. Wittels' version of the initial agreement was that it was to terminate if the cost of the building exceeded $240,000. He said that if either bid more than that, "we would be on our own". Wittels and his son Malcolm attended the auction with Harold and Melvin Dubinsky. After some bidding the final and successful bid of $226,-000 was made by Melvin Dubinsky.

Wittels testified that when the auction was over they all walked to Dubinsky's office and agreed to meet later that day. Under the terms of the auction the bidder was required to put up $25,000 earnest money. Wittels went to the afternoon meeting with a check for half of the earnest money. He said that at the meeting Jack Dubinsky, the father of the defendants, voiced some objection to a joint venture. He suggested that Wittels buy their interest for $5,000 or that they would buy Wittels' interest for that amount. Wittels said that he agreed to sell his interest for $5,000 to them and that they all shook hands on it, and he left. He stated that although repeated demands had been made for the sum, it had not been paid.

The Dubinskys stated that the joint venture was to terminate at $220,000 instead of $240,000, as was stated. They stated that they bought the building for themselves, and they denied that they made any agreement to pay Wittels $5,000.

On cross-examination Wittels was asked if he and Dubinsky jointly bought the building. His answer was, "Yes, my firm and the Dubinsky firm, there were no personal deals." He was then asked what his firm was, and he stated, "Jacob M. Wittels & Sons". He stated that it was a partnership. Malcolm Wittels, testifying on behalf of the plaintiff, stated that the joint venture was entered into with the Dubinsky partnership by the partnership of Jacob M. Wittels & Sons. He said that the partnership consisted of his father, himself, his brother (since deceased), his sister, and his mother.

At the conclusion of plaintiffs' evidence, the defendants moved for a directed verdict, and as one of the grounds stated that the action was not brought by the real parties in interest. The motion was later overruled, and by leave of court the name of Malcolm Wittels was added as a party plaintiff. At the close of all of the evidence, the defendants again moved for a directed verdict and again stated as one of their grounds that the action was not brought in the name of the real parties in interest, as required by statute.

As stated, there was a verdict and judgment against the defendants and in favor of Jacob M. Wittels and Malcolm Wittels for $5,000 plus interest. The defendants filed a motion for a judgment in accordance with their motion for a directed verdict, setting out again as one of the grounds the failure to join the other partners as plaintiffs in the action. The defendants also moved for a new trial. The court overruled the motion for a judgment in accordance with defendants' motion for a directed verdict, but sustained the defendants' motion for a new trial.

The motion for a new trial was sustained on several grounds. One of these was that the verdict was against the weight of the evidence, and another was that certain instructions were erroneous. The plaintiffs-appellants contend that the court erred in sustaining the motion, and argue that the verdict and judgment should be reinstated. The defendants-respondents again assert that because of the failure to join as parties-plaintiffs those jointly interested in the alleged indebtedness, there should have been a directed judgment for the defendants.

■ The general rule relating to actions to enforce an obligation due to a partnership is that all partners are necessary parties-plaintiffs, and that a partner may not sue in his own name on a cause of action accruing to the partnership. 68 C.J.S. Partnership § 208, p. 680; Windisch v. Farrow, Mo.App., 159 S.W.2d 392; Barnett v. Prudential Ins. Co. of America, 239 Mo.

App. 670, 194 S.W.2d 317; State ex rel. Henderson v. Shain, 344 Mo. 1003, 130 S.W.2d 491, 138 S.W.2d 649.

The Rules of Civil Procedure, Section 52.04, V.A.M.R., provide that with exceptions not here present, " * * * persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, or his consent cannot be obtained, he may be made a defendant." This rule is the same as Section 507.030, V.A.M.S.

■ Under the rule it is plain that all having a joint interest in the obligation sought to be enforced must be joined as plaintiffs except in special actions provided for in Civil Rule 52.08, V.A.M.R. (Section 507.070, V.A.M.S.) A failure to so join constitutes a non-joinder, which bars recovery upon the claim asserted. Barnett v. Prudential Ins. Co. of America, supra; Windisch v. Farrow, supra; Lenhardt's Estate v. Lenhardt, Mo.App., 322 S.W.2d 170; Schulte v. Crites, Mo.App., 318 S.W.2d 387.

■ Whether or not the court acted within its sound discretion in granting a new trial, or whether or not it erred in so doing as asserted in the points raised by the appellants, need not be considered, for the record shows that the plaintiffs cannot recover, and the parties should be spared the effort and cost of another trial. Tilson v. Terminal R. Ass'n of St. Louis, Mo.App., 236 S.W.2d 42.

In Peters v. McDonough, 327 Mo. 487, 37 S.W.2d 530, our Supreme Court held that a petition stating a joint cause of action for three plaintiffs could not be sustained by proving the indebtedness to seven. We have the same situation here, and the action brought by two for a sum due to five under their evidence cannot support a judgment for the two.

■ The defendants did not appeal and could not do so because their motion for a new trial had been sustained, and they were therefore not aggrieved by any final order of the trial court adverse to them. Bailey v. Interstate Airmotive, 358 Mo. 1121, 219 S.W.2d 333, 8 A.L.R.2d 710. However, since the plaintiffs made no case, we must reverse the judgment and order such judgment as the trial court should have entered. Section 512.160, V.A.M.S.; Civil Rule 79.04, V.A.M.R.

The judgment is reversed and the cause remanded with directions to set aside the order granting a new trial and to enter a judgment for the defendants.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.

RUDDY, J., not participating.